Judge Gi; ah am
delivered ihe opinion of the Court.
Upon the trial of this case, the Court instructed the the jury “that if they believe from the evidence tB’at the defendant Robert Browder obtained the note for one hundred dollars on John T. Stout before he had actual notice 'of the transfer of the note sued on to plaintiff, and that said Browder tendered to plaintiff the balance due on the note sued on, except said hundred dollars, before this suit was brought, they must find for the defendant.
Stout in his evidence stated that in October he had apprised Browden of his intention to transfer the note, but did not tell him to whom it would be transferred, and the evidence of Hawkins, conduces (to say the least of it,) to establish the fact that on the 27th of November, Browder knew that his note had passed out of Stout’s hands to some assignee. If he had such information, and was apprised that Stout had no longer any interest in his note, it seems to us that he had no more right afterwards t\jprocure to himself an assignment of Stout’s note, than he would have had, if he had actually known to whom, the transfer of the note sued up *213 on had been made. The statute authorizing: the assignment of notes and bonds, protects the obligor in a set-off which he may acquire against his payee, before he has notice that the payee has transferred the bond or note to some one else, but to confine this provision as is done in the instruction, to actual notice that the note had been assigned to the plaintiff in the action is too restrictive. If Browder was informed that his note was no longer the property of Stout and had been transferred to some other person, he cannot by subsequently purchasing a note on Stout avail himself of it, as an off-set against the bonafide assignee, ajthough the name of the latter was at the time unknown to him. If the instruction had been qualified as here indicated, and had not. been restricted as it is to actual knowledge of the transfer to the plaintiff, the jury might have rei^ dered a different verdict. We think a new trial ought to have been granted to the plaintiff, and that in giving the instruction and refusing a now trial the Court erred.
An obligor who has notice that his note has been assigned by the obligee to a third person, will not be allowed to set off a note thereafter purchased upon the obligee though he may not have notice of the person to whom his note has been assigned.
W. L. Underwood for appellant; Bristow fy Petree for appellees.
The judgment of the Circuit Court is therefore reversed, and the case is remanded, with directions to set aside the verdict and judgment, and grant the plaintiff a new trial without payment of costs, and for other proceedings not inconsistent with this opirfiOTt.