TELLON *v.* THE CITY BANK OF COLUMBUS.

Suit by the assignee, on a promissory note made payable to the agent of an insurance company. Answer, 1. Failure of consideration; 2. Set-off. It was proved that the note was given for the premium upon a policy of insurance, which—the company having become insolvent—was cancelled by consent of parties, leaving a balance due the defendant for the unexpired term of the policy. It was not proved that the defendant had notice of the assignment of the note. *Held*, 1. That the insolvency of the company did not of itself work a failure of consideration to the amount of the balance. 2. That the balance was a valid set-off.

The statement of the agent (not professing to have any knowledge upon the subject), that perhaps the note had been transferred, as it was the custom of the company to transfer its notes, falls far short of the notice required by statute.

APPEAL from the *Floyd* Circuit Court.

GOOKINS, J.—This action was brought by the *City Bank of Columbus* against *Tellon*, as the maker of a promissory

May Term, 1857.

TELLON
v.
THE CITY
BANK OF
COLUMBUS.

note payable to one *Warren*, as agent of the *Columbus Insurance Company*, and indorsed to the plaintiff.

· The defendant answered, that the note was given for the premium upon a policy of insurance issued by said company to the defendant, upon the steamboat *Bunker Hill*, *No.* 3, for one year from the 8th day of *February*, 1851; that on the 21st of *October*, 1851, the policy was cancelled by mutual agreement between the parties, whereby, as to 120 dollars of the note the consideration had failed.

In another paragraph, the defendant pleads the said 120 dollars by way of set-off.

In another paragraph, he pleads as set-off the sum of 60 dollars accruing by the cancelling of a policy on the steamboat *Empire*, issued by the same company, cancelled *October* 20th, 1851, which would have expired *December* 18, 1851—the premium for one year being 340 dollars—which latter policy was issued to *Meekin* and *Faucett*, "and whom it might concern," and which, the defendant alleged, he held at the time of cancellation.

Reply in denial.

There was a trial by the Court, finding for the plaintiff for the whole amount of the note and interest, new trial refused, and judgment.

The record contains the evidence, from which it appears that the note was given for the consideration stated. The defendant gave in evidence the policies of insurance. On that for which the premium note was given was the following indorsement:

"Office *Columbus Insurance Company*, *New Albany*, *October* 20, 1851. This policy of insurance is hereby cancelled and declared void from date; also that there is due to the holders thereof one hundred and twenty dollars for·unexpired time thereon, from the *Columbus Insurance Company.—F. Warren*, agent."

The other policy had a like indorsement, of the same date, stating the amount due upon it from the company at 60 dollars. The policies were cancelled in consequence of the company having become insolvent.

· *Warren*, the agent, testified that after issuing the policy

May Term,
1857.

TELLON
v.
THE CITY
BANK OF
COLUMBUS.

on the *Bunker Hill, No.* 3, and receiving the note, he forwarded it to the home office. He could not remember who took out the policy on the *Empire,* but thought it was *Tellon. Tellon* had an interest in the boat. He gave it to *Tellon* when cancelled. He did not know where the premium note for that policy was when cancelled. Thinks he told *Tellon,* at the time of the cancellation, that the notes were perhaps not in the company's hands, but belonged to other parties, as the company was in the habit of selling or disposing of its notes. He had no special instructions to cancel the policies. He had before cancelled policies, and his acts had been approved by the company. These were in cases of the sale or transfer of the property insured.

A circular from the company, addressed to the agent, was given in evidence, setting forth the causes of their failure. It directed the agent to pay any losses that might have occurred at his agency, and directed the return of premiums for the unexpired term of any policies issued by him—giving certificates to the holders for such amounts as he might be unable to refund.

The defense here set up is relied on both as a set-off, and as a failure of consideration. It cannot be regarded as a failure of the original consideration of the note. The insolvency of the company did not of itself constitute such failure; (*Hone* v. *Boyd,* 1 Sandf. 481); and whatever merits there may be in the defense, viewed in either character, must depend upon the transaction of *October* 20, 1851, being a matter of defense arising between the original parties after the transfer of the note; and the only question is, whether *Tellon* had notice of the transfer when this occurred. The statute provides that whatever defense or set-off the maker may have had, before notice of the assignment, against an assignor, or against the original payee, he shall have also against the assignees. 1 R. S. p. 378, s. 3.

We are not inclined to disturb a verdict upon mere weight of evidence, where there was evidence to weigh; but having carefully considered the proof in this case, we

May Term,
1857.

TELLON
v.
THE CITY
BANK OF
COLUMBUS.

are unanimously of the opinion that the evidence of no-tice was insufficient. There was nothing tending to show that notice was given by the holders of the note—from whom it ought to have come. A statement from a person not professing to have any knowledge upon the subject, that perhaps it had been transferred, as that was their habit, seems to us to come far short of the notice which the statute requires.

Whether the claim of 60 dollars was a proper set-off, we do not think it necessary to decide. The cause will be remanded for a new trial, upon which the proof touch-ing that demand may be different, and an opinion in re-spect to it would be premature.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Collins,* for the appellant (1).

*R. Crawford,* for the appellee (2).

(1) The counsel for the appellant cited the following authorities: The note being forwarded to the home office, the presumption is, that it remains there until the contrary appear. "Where things are shown at a certain time, to be in a certain state, they are presumed to continue so until the contrary be shown." Best on Presump. 186.—3 Stark. Ev. 1252.

(2). Counsel for the appellee cited 1 Phill. Ins. 1, and *Hone* v. *Boyd,* 1 Sandf. S. C. R. 481. That case was an action by the receivers of an insol-vent insurance company on a premium note. The defense was that the policy for which the note was given had not expired, and the risks had not deter-mined, when the insurance company became insolvent, and the defendant then offered to cancel the policy and pay a ratable part of the note, which the in-surance company declined, and therefore there was a failure of consideration as to such ratable part of the note. The Court said: "We know of no such ground in the law for either party to require a cancellation of an existing agreement. Here there was a sufficient contract executed by the one in the policy issued, and by the other in the premium note delivered. The contract of the one was the consideration for the agreement of the other. The com-pany was liable on the policy after the great fire as well as before. There is no failure of consideration because the party contracting becomes bankrupt. Such an idea is at war with the whole theory of contracts."