No. 10,887.

JOHNSON *v.* AMANA LODGE, No. 82, INDEPENDENT ORDER OF ODD FELLOWS, ET AL.

JUDGMENT.—*Assignment of by Sureties.*—*Principal and Surety.*—*Evidence.*—*Payment.*—Where a judgment is rendered against several defendants, some of whom are sureties, and a number of such sureties transfer a portion of such judgment, the assignee can not recover from the other sureties the portion of said judgment so assigned to him, without proof that the sureties making the assignment paid the judgment.

PROMISSORY NOTE.—*Notice to Maker of Endorsement.*—*Purchase of Claim as Set-Off.*—If the maker of a promissory note has notice that his note has been assigned, such notice will preclude him from thereafter acquiring claims against the payee as set-offs, though the notice was not given by the assignee, as it is immaterial from whom the information is received.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*A. Steele, R. T. St. John* and *R. G. Steele*, for appellees.

BEST, C.—The appellant, as endorsee of a note made by the appellee to S. S. Horne on March 1st, 1876, for $899.73, brought this action to recover the amount due upon such note, and to have it declared a lien upon certain real estate for which it had been executed.

An answer of payment and a set-off was filed. A trial was had, and judgment was rendered for appellant for $13.75. A motion for a new trial was overruled, and this ruling is assigned as error.

The motion for a new trial embraced many reasons. These will be noticed in the order of their statement.

It is first insisted that the finding is not sustained by sufficient evidence. The note was for $899.73, made March 1st, 1876, due five years from date, with interest at six per cent. Upon March 2d, 1881, the appellee paid the appellant $604.25, and against the balance a set-off was filed. This set-off consisted of a small claim for taxes, two small accounts, one note of $176.66 due from S. S. Horne, one judgment of $50, re-

covered against him, and $175 of another, all with the interest thereon, aggregating about the balance due, and all except the first having been assigned by various persons to the appellee, as was averred, before notice that the note sued upon had been assigned to appellant. The appellee, in support of its claim for $175, the portion of the judgment assigned, read in evidence the record of a judgment for $1,982 .84, with ten per cent. interest, rendered by the Grant Circuit Court in favor of James Sweitser et al. against William and Joseph Hodoff, principals, and nineteen sureties, one of whom was S. S. Horne. It also read in evidence an assignment to the appellee of $175 of this judgment, made by six of the other sureties on the 27th day of October, 1877. This was all the evidence in support of this claim, and, in our opinion, it failed to establish it. This assignment was not made by the plaintiffs in the judgment, but by a portion of the defendants, and they could only do so by virtue of section 676, 2 R. S. 1876, p. 279. That section provides that "When any defendant surety in a judgment * * has been or shall be compelled to pay any judgment or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship, * * * * the judgment shall not be discharged by such payment, but shall remain in force for the use of * * the surety * * * making such payment, and after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use." Under this section payment by the sureties was essential to their right to transfer the judgment, or any portion of it. Without payment by them they possessed no such right, and as the burthen was upon them, it was necessary for them to prove that the judgment had been paid. This will not be inferred from the mere assignment of the judgment, and aside from such assignment there was no evidence whatever that any portion of the judgment had been paid by these sureties. In the absence of such proof, it was error to allow this item of the set-off.

The claims embraced in the set-off were transferred to the appellee after the note had been assigned to the appellant, and one material question was whether the appellee had notice of such assignment at the time such claims were transferred to it. Some evidence was offered tending to show that it had no such notice at the time of such transfer. The appellant called John Entsminger, by whom he proposed to prove that the witness informed one of the appellee's trustees before the transfer of the claims, that the appellant owned the note. This was refused, and the ruling is vindicated on the ground that such notice must be given by the assignee himself. No authority is cited in support of this proposition, and we know of none. Such notice usually comes from such source, but the law does not require it. If the maker has notice, in other words, if he knows that the note has been transferred, it is immaterial how or from whom he acquired such information, as thereafter he is precluded from acquiring, as against the assignee, any set-off. This is expressly ruled in *Jones* v. *Witter*, 13 Mass. 304, and in *Small* v. *Browder*, 11 B. Mon. 212. In this last case, information that the note had been assigned was held sufficient, though the defendant was not informed that the note had been assigned to the plaintiff. In neither of these cases had notice been given by the assignees, and in both of them set-offs were excluded, because information that the notes sued upon had been assigned was imparted by others. The case of *Tellon* v. *City Bank of Columbus*, 9 Ind. 119, cited by appellee, negatively supports our conclusion. It was there held that the suggestion that a note had probably been assigned, made by a third party who did not profess to have any knowledge on the subject, was not such notice as the statute requires. This clearly implies that if he had had the information and had given it, the notice would have been sufficient. We do not think the notice must come from the assignee, and, therefore, are of opinion that the court erred in excluding this testimony.

It is also earnestly insisted that these claims were assigned

to the appellee simply to enable the assignors in this way to collect their claims, and this view is not entirely unsupported by the evidence; but as the case must be reversed for the reasons already given, and as the evidence may not be the same upon another trial, we express no opinion upon this question. For the reasons given we think the court erred in overruling the motion for a new trial, and for such error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs.

Filed Dec. 15, 1883.