LACY v. LOFTON.

BILL OF EXCHANGE.—REMEDIES OF SURETIES.—One who draws a bill of exchange for the accommodation of the payee is the surety of the latter, within the meaning of the statute on the subject of "the remedies of sureties against their principals," (2 G. & H., sec. 674, p. 308) and as such may, upon proper application, have execution directed first against the property of his principal. Gordon v. The Southern Bank, 19 Ind. 192 overruled.

SAME.—FORM OF INSTRUMENT NOT CONCLUSIVE.—As between the parties liable upon a promissory note or bill of exchange, the form of the instrument is not conclusive, but their actual relations may be shown by parol to be other than they appear to be.

APPEAL from the Hamilton Circuit Court.

FRAZER, J.—The questions presented in this case can be stated without incumbering the opinion with a recital of the contents of the record.

1. Is the drawer of a bill of exchange made for the accommodation of the payee, the surety of the latter, within the meaning of the statute which provides for a trial of the question of suretyship between the defendants to a suit upon the instrument, brought by the holder thereof?

The object of the statute, (2 G. &. H., § 674–5, p. 308,) was to provide a convenient remedy whereby the surety might protect himself in the first instance, without injurious embarrassment to the plaintiff in the collection of the debt, by obtaining an order of court directing the sheriff to exhaust the property of the principal before levying execution upon the property of the surety.

It is well settled, and we do not understand it to be controverted, that as between the parties liable upon the instrument, the form of it is not conclusive as to their relations with each other, but the actual relations may be shown to be other than they appear upon the face of the contract, and as between themselves, their rights will depend upon the actual facts. Marsh v. Consolidation Bank, 48 Penn. St., 510; Kelly v. Gillespie, 12 Iowa 55; Clapp v. Rice, 13

Lacy *v.* Lofton.

Gray, 403; *Weston* v. *Chamberlin*, 7 Cush., 404; *Dicker-son* v. *Commissioners, &c.*, 6 Ind., 128. Authorities as to the rule of evidence might be multiplied, but as that is not controverted it is needless to fortify the proposition further. There is, in view of authority, no question that one who draws a bill of exchange for the accommodation of the payee may defeat an action against him thereon by the payee, or that after payment he may recover the amount from the payee, and this solely upon the ground that he is merely a surety. And yet the instrument imports that he is the principal debtor. The case may be said to be a well established exception to the rule of evidence which forbids written instruments to be changed or contradicted by oral testimony. The convenience of commerce has rendered the mode of lending credit to another by the use of a bill of exchange drawn payable to that other, so that it may be negotiated by him at will, a common transaction; and considerations of justice and commercial necessity require that the implications arising from the form of the instrument shall, as between the parties, yield to the facts as they can be shown by oral evidence actually to exist. The proceeding authorized by the statute already cited is a litigation exclusively between the parties alleged to sustain towards each other the relation of principal and surety. The plaintiff in the suit cannot be a party to this controversy, for it cannot injuriously affect him nor delay his suit. Why then shall not the statute apply to the case? It is argued that the statute contemplates only a surety who appears to be such upon the face of the written contract. But in *Dickerson* v. *Commissioners, &c., supra,* which was a joint and several bond, silent as to who was surety, it was held that the sureties might, even as against the payee of the bond, show their true relation, for the purpose of avoiding liability, in consequence of a valid contract with the principal for extending the time of payment without their consent or knowledge. Thus the presumption arising from the face of the bond was allowed to be overcome by oral proof of the

actual fact, even against the obligee. To give the statute force only when the fact of suretyship appears upon the face of the instrument, would be adopting a narrower construction than its terms import, and one not required by any principle of justice or policy. If the maker of the bill would be held only in equity to be the surety of the payee, and on that ground entitled to equitable relief, how can we say that he shall not be deemed a surety within the purview of this statute? Why shall we, in searching for the sense of the legislature, adopt the most narrow and technical sense of the term "surety," as used in this remedial enactment, and thus deny relief in a case as much within the mischief of the old law as if the fact of suretyship had been disclosed by the written contract? Such statutes are, according to all authority, to be liberally construed, so as to avoid the mischief and advance the remedy.

The considerations mentioned are with a majority of the court so palpable and controlling, that but for the dissent of our brother *Gregory*, and the decision of this court in *Gordon* v. *The Southern Bank of Kentucky*, 19 Ind. 192, it would probably not have been deemed useful to refer to them so fully. The opinion in the case alluded to is not very satisfactory. No reason is intimated for the conclusion reached, and as it cannot find a basis upon other than the most narrow and technical construction of a remedial statute, we feel compelled to overrule it.

2. On the trial evidence offered by the appellant, tending to prove that he and one *McCollem*, the drawee of the bill, did not do business with the public as partners in the purchase of hogs, was rejected, and this is claimed to have been an error. We do not think so. The appellee offered the admissions of the appellant, made to the appellee when the bill was signed, and to others, to the effect that there was some sort of a joint arrangement for the purchase of hogs, but did not attempt to establish a partnership by proof that they held themselves out to the general public as partners. The evidence rejected was not an answer to this, and would

Lacy *v.* Lofton.

not tend to disprove it or to illustrate the issue joined, which was not as to how those parties dealt with the public, but whether *Lofton* signed the bill for *Lacy's* accommodation.

GREGORY, C. J., *dissenting.*—*The Bank of the State* sued *McCollem*, the acceptor, *Lofton*, the drawer, and *Lacy*, the indorser, of a bill of exchange. Process was returned "not found" as to *McCollem*. The ,action proceeded against *Lofton* and *Lacy*. *Lofton* answered that he executed said bill of exchange for the accommodation of *Lacy* and *McCollem*, and for their sole use and benefit, and as their surety; that they negotiated it, and received the proceeds thereof; wherefore he prays that the question of suretyship between him and said defendants be tried, on or before the trial of this cause." *Lacy* answered that he executed the bill solely for the accommodation of *McCollem*. The cause was submitted to the court for trial, and judgment was rendered against *Lofton* and *Lacy*, and the record thereupon recites that "It is agreed between the plaintiff and said defendant, that no execution shall issue on said judgment for twelve months from its rendition. It is further agreed that the defendants, *Lacy* and *Lofton*, may have their cross-action in this case, between themselves, to try the question which is surety of the other, upon their respective pleadings, already filed; and the plaintiff withdraws the demurrer to said cross-pleadings, and the questions and issues on said cross-pleadings are continued."

Afterwards *Lofton* took a rule on *Lacy* to answer his cross-complaint. *Lacy* answered by a general denial. The issue between *Lacy* and *Lofton* was tried by a jury. The verdict is as follows: "Did *Sample Lofton* sign the bill in evidence before you as surety of *John Lacy* and *James McCollem?* Answer, yes."

*Lacy* moved for a new trial, which motion was overruled and judgment was thereupon entered that the plaintiff exhaust the property of *Lacy*, before proceeding

to levy any execution issued on the judgment in favor of the *Bank* upon the property of *Lofton*.

The code provides that "when any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined, upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff." 2 G. & H. § 674, p. 308.

Is the drawer of a bill of exchange the surety of the payee and indorser, when the bill has been drawn by the former for the accommodation of the latter, within the meaning of this statute? To constitute the relation of principal and surety there must be one primarily liable. Principal and surety are correlative terms. There can be no surety where there is no principal. A surety is one who is bound for another who is primarily liable, and who is called the principal. *Lofton*, as the drawer of the bill, was the principal, and *Lacy*, the payee and indorser, was his surety. *Lofton* was not bound for *Lacy* on the contract in suit, but *Lacy* was bound for *Lofton*. The acceptor, *McCollem*, was the only principal to *Lofton*, the drawer.

The statute only applies where "one or more of the defendants is surety for the others." In the case of a joint note, where both are primarily liable, it is competent to show that one is the surety for the other, because there is a primary liability. But, in the case in judgment, an attempt is made to reverse the order, and to show by parol that the principal in the obligation is only the surety of the indorser, a direct contradiction of the instrument itself. I think this cannot be done.

In *Gordon et al.* v. *The Southern Bank of Kentucky*, 19 Ind. 192, this court held that the "accommodation indorsers of a promissory note, governed by the law merchant, do not stand in the relation of sureties for the maker, for whose

accommodation they became indorsers, within the meaning of the statute in relation to the remedies of sureties against their principals." Whether that is a correct exposition of the law or not, I am clear that the drawer of a bill of exchange cannot sustain the relation of surety to the indorser.

I think the court below erred in overruling the motion for a new trial, and I therefore dissent from the opinion of the court.

. The judgment is affirmed, with costs.

*J. T. Dye* and *A. C. Harris*, for appellant.

*A. G. Porter*, *B. Harrison* and *W. P. Fishback*, for appellee.