## ALLEY *v.* GAVIN ET AL.

BILL OF EXCEPTIONS.—*Motion to Strike Out.*—When a motion to strike out a pleading is made, and either sustained or overruled, the correctness of the ruling cannot be considered, unless the question is reserved by a bill of exceptions.

BILL OF EXCHANGE.—*Suretyship.*—The payee and indorsers of a bill of exchange, who are joined in a suit with the drawer and acceptor, may set up in a cross complaint that they are sureties of the drawer and acceptor, for the purpose of having the question tried, and if such is the case, of having the proper judgment entered as to the order in which they and the other defendants are liable on execution.

NEW TRIAL.—*Motion.*—A motion for a new trial, on the ground of the improper admission or exclusion of evidence, must specifically point out what evidence was improperly admitted or rejected.

SAME.—A motion for a new trial, on the ground of error in giving or refusing instructions, must specifically point out the particular instructions alleged to have been erroneously given or refused.

APPEAL from the Decatur Common Pleas.

DOWNEY, J.—The First National Bank of Greensburgh, Indiana, sued Samuel B. Alley, the drawer, William A. Mandlove, the acceptor, George W. O'Laughlin, the payee and first indorser, and Benjamin A. Mires and James Gavin, subsequent indorsers of a bill of exchange, payable at the Third National Bank of Cincinnati, Ohio.

Mandlove, the acceptor, made default. Alley filed an answer and cross complaint against his co-defendants, O'Laughlin, Mires, and Gavin, in which he alleged that he and they were all liable as co-sureties of Mandlove. O'Laughlin, Mires, and Gavin filed a cross complaint against the plaintiff and Alley, in which they allege that they became parties to the paper as sureties for both Mandlove and Alley, who, they allege, are the principals.

There was a trial by jury, a general verdict for the plaintiff, and answers to interrogatories, in which the jury found that Mandlove and Alley were the principals, and O'Laughlin, Mires, and Gavin the securities on the bill. A motion for a new trial was made by Alley, as between him and O'Laughlin, Mires, and Gavin, which was overruled, and judgment rendered according to the verdict of the jury.

Alley appeals, and has assigned for error, first, the overruling of a motion made by him to strike out the cross complaint of O'Laughlin, Mires, and Gavin; second, the overruling of his demurrer thereto; and, third, the refusal to grant him a new trial.

The first point is disposed of by saying that there was no bill of exceptions filed reserving the question. When a motion to strike out a pleading is made, and either sustained or overruled, the question as to the correctness of the action of the court must be reserved by bill of exceptions, or we cannot consider it.

We are of the opinion that the demurrer to the cross

complaint of O'Laughlin, Mires, and Gavin was properly overruled. It was proper that they should set up the fact that they were the sureties of the other defendants, if such was the case, for the purpose of having the proper judgment entered as to the order in which they and the other defendants should be liable on the execution. 2 G. & H. 308, sec. 674; *Lacy* v. *Lofton*, 26 Ind. 324.

We next come to the question whether or not a new trial should have been granted. The reasons stated in the written motion why a new trial should have been granted are as follows: first, the court erred in admitting improper and illegal evidence offered by the other defendants over the objection of said Alley; second, the court erred in refusing to admit proper and legal evidence offered by said Alley; third, the court erred in its charges to the jury; fourth, the court, in its charges, misdirected the jury; fifth, the verdict of the jury is contrary to the law; sixth, the verdict of the jury is contrary to the evidence.

It has been often decided by this court that the reasons for a new trial must specifically point out what evidence was improperly admitted or rejected, when the improper admission or rejection of evidence is the error of which complaint is made. No attempt was made to comply with these rulings in preparing the motion for a new trial in this case.

The third and fourth reasons are liable to the same objection. We have not attempted to discover the errors in the charges of the court, which are referred to in such general terms.

We have not been able to see that there was any reason for setting aside the verdict and granting a new trial on the other grounds mentioned. We think the evidence was sufficient, and the verdict in accordance with law.

The judgment is affirmed, with costs.

*C. Ewing, J. K. Ewing, J. S. Scobey,* and *O. B. Scobey,* for appellant.

*S. A. Bonner, J. Gavin, J. D. Miller,* and *E. R. Monfort,* for appellees.