### SCHOOLEY *v*. FLETCHER ET AL.

PROMISSORY NOTE.—*Rights of Parties Amongst Themselves.*—As to the payees of a promissory note, the makers are all principals and equally liable; the creditor has the right to hold all the makers, whether principals or indorsers, for the entire debt; but the rights and liabilities of the makers amongst themselves depend upon the contract between them, upon the relation each may sustain to the other and to the transaction.

PRACTICE.—*Appeal.*—A judgment will not be reversed, because a demurrer to a bad answer has been overruled, where the finding on the issue therein presented has been against the party filing such answer.

CO-SURETIES.—*Judgment.*—When two sureties are sued upon a promissory note, one of them who has paid half the note is not entitled to an order directing the sheriff to levy an execution that may be issued to collect the residue upon the property of his co-surety exclusively. The creditor has his remedy against all the makers for all of the debt; and sections 674 and 675 of the code only authorize the court to order that the property of the principal shall be sold before resort is had to that of the surety.

SAME.—*Contribution.*—It is only when one surety has paid more than his share of the liability that he can call upon a co-surety for contribution.

From the Marion Superior Court.

*J. Hanna* and *F. Knefler*, for appellant.

*N. B. Taylor, F. Rand, E. Taylor, F. M. Finch*, and *J. A. Finch*, for appellees.

BUSKIRK, J.—The original action was by Fletcher and Churchman against Zeigler, Finch, and Schooley, upon a

negotiable promissory note, executed by Zeigler and Finch, payable to Schooley, who indorsed it to the plaintiffs.

It does not appear from the record that Zeigler appeared and answered, or that he was defaulted, or that judgment was rendered against him.

The appellant answered the complaint by the general denial and payment. He also filed a cross complaint against the appellees, under sections 674 and 675 of the code, 2 G. & H. 308, 309, in which he averred, in substance, that Zeigler and Finch were joint makers and principals in the note and were primarily liable, and that he was only an accommodation indorser or surety for Zeigler and Finch, and asked that their property should be first exhausted before resort should be had to his property.

Fletcher and Churchman answered the cross complaint by the general denial.

Finch answered the cross complaint in three paragraphs. The first was a denial. The other two alleged, in substance, that Zeigler was the principal in the note, and that he was an accommodation indorser for Zeigler and a co-surety with Schooley, and that before the commencement of the suit he had paid one-half of the principal, interest, and cost of protest, and asked that the court should order that the judgment should be made by the levy and sale of the property of Schooley before he should be required to pay any more.

Schooley demurred to the second and third paragraphs of the answer of Finch, but the demurrer was overruled, and appellant excepted. He then replied in denial of such paragraphs.

The issues were submitted to the court for trial.

The court found that Zeigler was the principal in the note, and that Finch and Schooley were accommodation indorsers and co-sureties. Schooley moved the court for a new trial, both in the original action, and as between himself and Finch. The motion was overruled, and he again excepted.

Finch moved the court for an order requiring the sheriff to first levy upon and sell the property of Schooley, but the

motion was overruled, and he excepted and has reserved the question by a bill of exceptions.

Schooley has assigned for error the overruling of his demurrer to the second and third paragraphs of the answer of Finch to his cross complaint, and the overruling of his motion for a new trial.

Finch has assigned as a cross error the overruling of a motion to require the sheriff to first exhaust the property of Schooley.

The first question presented for our decision is, whether the court erred in overruling the demurrer to the second and third paragraphs of the answer of Finch. The cross complaint alleged that Finch was a joint maker with Zeigler. This Finch denied in the first paragraph of his answer, and in the second averred that he signed the note as the surety of Zeigler and as co-surety with Schooley. The cross complaint and its denial raised the question as to the character in which Finch signed the note. Under that issue, proof was admissible to show whether he assumed the liability of a maker or surety. The second paragraph of his answer presented precisely the same question, and as every fact averred therein was admissible under the general denial, the appellant was not and could not have been injured by the action of the court in overruling the demurrer thereto. Such paragraph neither benefited Finch nor injured Schooley. There was no error in overruling the demurrer.

The third paragraph of the answer proceeded upon the theory that as Finch had, as the co-surety of Schooley, paid one-half of the debt, his liability to the plaintiffs was suspended until the property of Schooley was exhausted. Such theory is unsound. As between the makers and payees, the relation of the parties is fixed by the note itself. As to the payees, the makers are all principals and equally liable. The creditor has the right to hold all the makers, whether they are principals or indorsers, for all of the debt until it is all paid. Part payment by Finch did not release his liability. But the rights and liabilities of the makers,

Schooley *v.* Fletcher *et al.*

amongst themselves, depend upon the contract between them, upon the relation each may sustain to the other and to the transaction. *Bowser* v. *Rendell*, 31 Ind. 128.

The third paragraph of the answer was clearly bad, and the court erred in overruling the demurrer, but such error should not reverse the judgment, because the court found against Finch on that issue. The error was, therefore, a harmless one.

But it is earnestly insisted that the court erred in overruling the motion for a new trial, for the reason that the finding of the court, that Finch was an indorser for Zeigler and a co-surety with Schooley, is not supported by the evidence. The learned judge, who presided at the trial in special term and heard all the evidence, found that Finch was only a surety and not a principal in the note, and this finding was affirmed by all the judges in general term. We have carefully read and duly considered all the evidence and entertain no doubt that the finding is fully supported by the evidence. The evidence of the appellant alone, disregarding all the other evidence, fully justified the finding. The only evidence tending to support the assumption that Finch was a principal was the testimony of the appellant that Zeigler told him that Finch was a joint maker with him, but there was no evidence that Finch ever authorized Zeigler to speak for him, and in the absence of such proof Finch can not be bound by the unauthorized statement of Zeigler. But, in this statement, Schooley is contradicted by the testimony of Zeigler, who testified that he borrowed the money for his own use; that Finch received none of the money, and only signed as surety; that Schooley indorsed the note before Finch signed it. The testimony of Fabius M. Finch and John A. Finch fully and clearly showed that Finch signed the note as an accommodation indorser, after Schooley had signed it, and that he received none of the money. There seems to be no room to doubt that Finch was a co-surety with Schooley. There was no error in overruling the motion for a new trial.

Did the court err in overruling the motion of Finch requiring the sheriff to first exhaust the property of Schooley? We think it did not. In the first place, sections 674 and 675 only authorize the court to order that the property of the principal shall be exhausted before resort is had to the property of the surety. Such sections do not authorize the court to order that the debt shall be made by the levy and sale of the property of one or more of the sureties. The creditor has his remedy against all the makers for all of the debt. In the second place, no question of contribution arose in the case. It is only where one surety has paid more than his share of the liability that he can call upon a co-surety for contribution. Finch had only paid one-half of the debt and therefore had no claim for contribution against his co-surety. It is not pretended that the court erred in overruling the motion for a new trial as to the original plaintiffs. There was no shadow of a defence to the note as against the original plaintiffs. There was no attempt to support the plea of payment by Schooley.

The judgment is affirmed, with costs and eight per cent. damages.