## KEEGAN *v.* CARPENTER ET AL.

PRACTICE.—*Harmless Error.*—Though a demurrer to a pleading has been erro‑neously overruled, if the court on the trial found that the pleading was not true, the ruling cannot be a cause for reversing the judgment.

EVIDENCE.—*Hearsay.*—*Representations of Maker to Surety.*—Statements or representations made by the principal maker of a promissory note, to one whom he procures to sign the note in blank as surety, in reference to the subsequent signing of the note by a third person as surety, made in the absence and with‑out the authority of such third person, are not admissible in evidence against such third person on a question of suretyship.

From the Vanderburgh Circuit Court.

*S. R. Hornbrook,* for appellant.

*A. Iglehart* and *J. E. Iglehart,* for appellees.

DOWNEY, J.—Willard Carpenter sued Charles J. Moffett, Wilhelmina Moffett, and John W. Keegan, the appellant, on a promissory note executed by the defendants in the order named, the appellant adding to his signature the word "security." Wilhelmina Moffett filed an answer by way of cross complaint, in which she alleged that the note sued on was brought to her by the defendant Charles J., as a printed blank, a copy of which she sets out in the answer; that she was, by the representations and agreement of the said Charles J., that said note should be filled up for two hundred dollars only, for the use of the said Charles J., as was indicated by the figures "200" in the margin of said blank, induced to sign said blank; of all which said defendant Keegan had notice. But this defendant avers that said Charles J., and defendant John W. Keegan, who had full notice of said agree‑ment, afterward and before said note was delivered to the plaintiff, entered into a fraudulent combination to cheat and defraud the defendant; whereby, in order to raise money to pay a debt due from said Charles J. to defendant John W., he, said John W., fraudulently and in violation of said agree‑ment, of which he had notice, filled up said note for four hundred dollars; wherefore she says, that if as between all

the defendants and the plaintiff, the note is valid, still, as between this defendant and the other defendants, said note is fraudulent and void; and judgment recovered upon said note should be first levied of the goods of the other defendants.

Keegan demurred to this answer, for the reason that it did not state facts sufficient to constitute a cause of action against him, nor to entitle her to the relief prayed for in her cross complaint.

The demurrer was overruled by the court, and this ruling is the first alleged error.

Keegan replied to the answer, or cross complaint, of Wilhelmina Moffett, by general denial.

Wilhelmina and Charles J. Moffett united in an answer, in the first paragraph of which it is alleged, that Wilhelmina is surety for said Charles J., who received the consideration; and, in the second, as to the sum of forty dollars of the amount of the note, that the same was for usurious interest retained by the plaintiff. To this joint answer, the plaintiff replied by a general denial.

Keegan filed an answer, or cross complaint, in which he averred that he signed the note as surety for Charles J. and Wilhelmina Moffett, and prayed judgment accordingly.

Wilhelmina Moffett replied to the answer, or cross complaint, of Keegan, denying the same, and saying, that if she was liable at all, it was only as the co-surety of Charles J. Moffett, with Keegan.

A trial by the court resulted in a special finding of the facts, with conclusions of law thereon. The court found, among other things, that Keegan signed the note as a co-surety of Wilhelmina for Charles J. Moffett, and made an order that the amount be levied first of the property of Charles J., and then equally of that of Wilhelmina and Keegan.

A motion for a new trial was made by Keegan, which was overruled; and this is the second error assigned, and the only other error properly assigned.

We regard the first alleged error, if there was an error, as

having become unimportant in consequence of the finding of the court against Mrs. Moffett, on her answer, or cross complaint. She sought to have the court make an order that the property of the other parties should be liable on the execution before her's, because the note had been filled up for a greater amount than she consented to become liable for when she signed the note. The court found on this part of the case against her, and rendered judgment that she and Keegan were joint sureties for Charles J. Moffett. Conceding that the court should have sustained the demurrer of Keegan to this answer and cross complaint, still as the court on the trial found that the pleading was not true, the overruling of the demurrer did not harm the appellant, and cannot be a cause for reversing the judgment.

Charles J. was a son of Wilhelmina, and got his mother to sign the blank note in the absence of Keegan. The court, over the objection of Keegan, allowed Wilhelmina to testify to what her son said to her at the time when she signed the blank, to the effect that Keegan was to sign the note as a co-surety with her. This ruling of the court was made a ground for a new trial.

We do not see how this ruling of the court can be sustained. The issue was between Wilhelmina and Keegan, and it is, according to this ruling, to be determined by what was said by the son to his mother in the absence of Keegan.

We think the statements of the son were inadmissible as evidence against Keegan. The rule is a familiar one.

It does not appear, and is not even claimed, that Keegan had authorized the son to make such a statement to his mother, or any statement whatever on the subject. See *Schooley* v. *Fletcher*, 45 Ind. 86.

The statements of the son to the mother, in the absence of Keegan, fall under the designation of hearsay. 1 Greenl. Ev., sec. 124.

The judgment, as to the question of suretyship, is reversed,

with costs, and the cause remanded, with instructions to grant a new trial as to that question.

Opinion filed May term, 1874; petition for a rehearing overruled November term, 1874.