## SCHULZ *v.* KLENK.

PRINCIPAL AND SURETY.—*Promissory Note.*—*Burden of Proof.*—A promissory note signed by two persons, who are partners in business, in form as makers, was indorsed by a third person, not a member of said firm, at the

request of one of said makers, in the absence of the other, with whom said indorser had no communication on the subject, it not appearing that said absent maker had any knowledge of said indorsement, and said indorser believing that both of said partners were makers, and intending himself, in placing his name on the back of the note, to become their indorser.

*Held,* that, as between said absent maker and said third person, the presumption from the form of the note was, that the former was a maker and the latter an indorser, and the burden of proof was on the former to show that he was a co-surety with the latter.

*Held,* also, that the facts shown did not establish a different relation between the parties from that to be presumed from the form of the note.

From the Vanderburgh Circuit Court.

*P. Maier,* for appellant.

*V. Bisch,* for appellee.

Buskirk, C. J.—This action was brought by the First National Bank of the City of Evansville, against Charles F. C. Schmidt, George Klenk, and Theodore Schulz, on a note executed by Schmidt & Klenk, as makers, and endorsed by Schulz in the usual way.

Schmidt was not found, and nothing further was done as to him. Schulz, the appellant, answered that he was only the surety of Schmidt & Klenk on the note, and asked that the property of his co-defendants be first exhausted.

The appellee, Klenk, thereupon also filed what he calls an answer and cross complaint, alleging that Schulz and himself were co-sureties for Schmidt, and liable to contribute alike to the payment of the note.

The controversy being entirely between Schulz and Klenk, the bank took judgment against both parties for the face of the note, attorneys' fees, and costs, leaving the question between the defendants open for litigation.

While the issues were pending between these parties, the court of common pleas was abolished, and the cause came into the circuit court, in which the issues were, by agreement of the parties, tried by the court, who found against appellant, and judgment was rendered that each pay one-half of the judgment in favor of the bank, and the costs in the same proportion, to which finding and judgment appellant excepted.

Motion for a new trial, written causes filed, motion overruled, and exception; prayer for appeal, and thirty days time given in which to file bill of exceptions.

The written causes are as follows:

1. The finding of the court is contrary to law.

2. The finding of the court is not sustained by sufficient evidence.

The error assigned is in overruling the motion for a new trial. The evidence is properly in the record, and the sole question is whether the finding is sustained by the evidence.

The only witnesses were the appellant and appellee. The appellee was first examined, and testified as follows: "The defendant, Charles Schmidt, asked me to sign the note sued on in this action as his surety; he had signed the note himself when I signed it; I got no part of the proceeds of the note, but the whole went to Schmidt; I signed the note as his surety."

Upon cross-examination, he testified: "At the time the note was made, Schmidt, myself, and Oscar Schulz were co-partners in the perfumery business; the money drawn out of the bank was not used for the benefit of the firm, but for Schmidt only." And this was all the evidence offered by the appellee.

Schulz, the appellant, offered himself as a witness in his own behalf, and testified as follows: "One day, when I came to the business place of Charles Schmidt, Oscar Schulz, and George Klenk, Schmidt handed me the note sued on in this action, and wanted my name on it; it was already signed by Schmidt and Klenk as makers; I then indorsed the note, believing that by so doing I was the surety of the other parties on the note; I never intended to become the co-surety with Klenk for Schmidt; I indorsed the note because I always understood that an indorser on the note was not liable till the others were exhausted; had no connection with the firm of Schmidt, Schulz & Klenk; had no conversation with Klenk about the note, only saw his name on it when I made the indorsement; would not have signed the note as surety of Schmidt; I indorsed it

believing I was the surety of the two; I don't know what became of the money received on the note; think, however, it went into the firm."

Cross-examination : " The money might have been used as Schmidt's part or share in the firm; I never got any of it."

This closed the evidence, and upon it the court found that appellant and appellee were co-sureties of Schmidt, and rendered judgment accordingly.

Schmidt and Klenk appear upon the face of the note as makers and primarily liable, while Schulz appears as an indorser and secondarily liable. The form of the instrument and the manner in which the names appear are not conclusive as to their relations with each other; but the actual relations may be shown to be other than they appear upon the face of the contract; and as between appellant and appellee their rights will depend upon the actual facts. The presumption is, that Klenk was a maker. The burden was upon him to show that he was a co-surety with appellant, and not a joint maker with Schmidt. We think the evidence fails to show that the appellee was a surety. He and Schmidt were partners in business. They signed the note first as makers. The appellant afterward endorsed the note, as he testifies, as surety of both the makers. Klenk was not present when the note was indorsed by appellant, nor was there any conversation, understanding, or contract between appellant and appellee. It does not even appear that appellee knew that appellant indorsed the note. The relation between appellant and appellee is a matter of contract. None was shown to exist. The appellee wholly failed to show that he occupied any different position than the law assigns him. *Lacy* v. *Lofton,* 26 Ind. 324; *Bowser* v. *Rendell,* 31 Ind. 128 ; *Houston* v. *Bruner,* 39 Ind. 376 ; *Core* v. *Wilson,* 40 Ind. 204; *Alley* v. *Gavin,* 40 Ind. 446 ; *Schooley* v. *Fletcher,* 45 Ind. 86.

The judgment is reversed, with costs; and the cause is remanded for another trial, in accordance with this opinion.