## Githens *v.* Kimmer et al.

SURETY.—*Contribution.*—*Pleading.*—In a complaint by G. against K., L. and F., it was alleged that theretofore the defendant L. recovered a judgment, by default, against the plaintiff, and, on issue and trial, against the defendants K. and F., in a certain sum, in an action upon a promissory note executed to L. by F. as principal, and by the plaintiff and K. as sureties; that the judgment provided that the sheriff should first exhaust the property of the plaintiff and F. before resorting to the property of K.; that F. was at the rendition of the judgment, and had continued to be, insolvent; that plaintiff had been compelled to pay said judgment. The complaint made a copy of the judgment an exhibit and prayed for judgment against K. by way of contribution.

*Held,* that the complaint is good, and that it was error to sustain K.'s demurrer thereto for the want of facts.

From the Fayette Circuit Court.

*I. Herr* and *S. J. Peelle,* for appellant. .

SCOTT, J.—Complaint by appellant, against the appellees, as follows:

Jesse Githens, plaintiff, complains of Samuel J. Kimmer, John Lively and John R. Fohl, defendants, and says, that heretofore, to wit, on the 10th day of November, 1874, in a certain action then pending in the Circuit Court of Fayette county, Indiana, the defendant John Lively recovered a judgment, by default, against this plaintiff, and, by issue and trial, against defendants Kimmer and Fohl, in the sum of two hundred and one dollars and seventy cents ($201.70), together with costs of said action taxed at fifty dollars ($50). A copy of said judgment is filed with and made a

Githens *v.* Kimmer *et al.*

part of this complaint, marked Exhibit 1; that said action was based, and said judgment rendered, upon a promissory note executed by this plaintiff and the defendants Kimmer and Fohl to defendant Lively; that said judgment provided that, in the collection thereof, the sheriff should first exhaust the property of this plaintiff and defendant Fohl, before resorting to the property of the defendant Kimmer; that no part of the consideration of the said note, upon which said judgment was rendered, moved to this plaintiff, nor did he derive any profit or benefit therefrom; but said note was executed by defendant Fohl as principal, and by this plaintiff and the defendant Kimmer as his sureties; that defendant Fohl then was, ever since has been, and still is, insolvent and worthless; that plaintiff has been compelled to pay, and has paid, the principal, interest, attorney's fees and costs of said judgment in full, to wit, the sum of three hundred dollars, no part of which was contributed by defendant Kimmer; that, by reason of the premises, defendant Kimmer, as his co-surety in said debt, is liable and indebted to plaintiff by way of contribution in a large sum, to wit, three hundred dollars, which is due and unpaid. Prayer for general relief.

Kimmer demurred to the complaint for want of sufficient facts to constitute a cause of action against him; the demurrer was sustained and exception entered. Judgment for the defendant.

The court erred in sustaining the demurrer to the complaint. *Joyce* v. *Whitney*, 57 Ind. 550.

The judgment is reversed, with costs. Cause remanded, with instructions to the circuit court to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.