No. 8210.

SWIFT *v*. BRUMFIELD ET AL.

PRACTICE.—*Cross Bill.*—*Parties.*—*Process.*—When, in a proceeding in chancery, a defendant seeks relief against a co-defendant as to matters not apparent on the face of the original bill, he must file his cross bill,

making parties thereto such of his co-defendants and such others as are necessary to the relief demanded, and process is required to bring such co-defendants, as well as others who may be impleaded with them, into court; and this rule of practice is applicable to analogous proceedings under the code.

INJUNCTION.—*Cross Complaint.*—*Notice.*—*Default.*—*Judgment.*—An action for an injunction is in its origin, as well as in all its essential characteristics, a chancery proceeding, and notice to a co-defendant of the filing of a cross complaint by a defendant must be given in such action; and a default taken and a judgment rendered against a co-defendant upon a cross complaint so filed, without service of process and without an appearance by him, are erroneous.

From the Fayette Circuit Court.

*B. F. Claypool, J. H. Claypool, C. Merrill* and *R. Conner,* for appellant.

*L. W. Florea, G. C. Florea, C. Roehl* and *W. C. Forrey,* for appellees.

NIBLACK, J.—This was a proceeding for an injunction. William Brumfield and John G. Diehlman charged that on the 20th day of June, 1877, John Swift obtained a judgment in the Fayette Circuit Court against Thomas S. Monger, as principal, and against them and one Jeptha Stelle, as the sureties of the said Monger, for the sum of $1,642; that on the 24th day of June, 1877, the said Swift, without the knowledge or consent of them, the said Brumfield and Diehlman, by an entry on the margin of such judgment, released the said Stelle from all liability on the same and as a party thereto; that, on the 20th day of July, 1877, Lewis Monger and George H. Monger became replevin bail for the stay of execution on such judgment by an appropriate entry upon an execution which had already been issued thereon, and placed in the hands of the proper sheriff; that, on the 24th day of August, 1877, Joseph B. Jones, with a full knowledge of the release of the said Stelle, also became replevin bail for the stay of execution on said judgment; that, on the 10th day of August, 1878, the said Swift caused an exe-

cution to be issued for the amount still remaining due on said judgment, and to be delivered to Doctor B. Hall, then sheriff of Fayette county ; that the said Hall, as such sheriff, was threatening to levy said execution on the property of the said Brumfield and Diehlman. Wherefore an injunction was demanded against the said John Swift, Lewis Monger, George H. Monger, Joseph B. Jones and Doctor B. Hall, the sheriff, and each of them.

On the 2d day of the October term, 1878, of the court below, a default was taken against all the defendants except Jones.

On the 4th day of the term Jones filed a cross complaint against his co-defendants, praying to be released from all liability on the judgment described in the complaint, averring that he became replevin bail on such judgment with the understanding and agreement with Swift, the plaintiff therein, that he should only become liable thereon with Lewis Monger and George H. Monger, the other replevin bail, and that he signed the entry of replevin bail on said judgment, with the express understanding and agreement with said Swift that the plaintiffs, Brumfield and Diehlman, had consented and agreed to the release of Stelle from further liability on the judgment, and were to remain first liable on such judgment after Thomas S. Monger, the principal therein.

On the day following, that is to say, on the fifth day of the same term, the defendants John Swift, Lewis Monger, George H. Monger, and Doctor B. Hall were called to answer the cross complaint filed by Jones, and, failing to appear or answer, a default was entered against them. On the tenth day of the term Swift moved to set aside the default taken against him as lastly above stated, because no process had been served upon him requiring him to answer the cross complaint, but the court overruled his motion, and refused to set aside the default. The cause was then submitted to the court upon the complaint, cross complaint and the evi-

dence, and the court made a finding in favor of the plaintiffs upon their complaint and in favor of the defendant Jones on his cross complaint, and rendered separate judgments upon its finding accordingly.

Swift has appealed and assigned error upon several decisions of the court made during the progress of the cause, but, in his brief, he has only invited our attention to the proceedings and judgment upon the cross complaint.

When, in a proceeding in chancery, a defendant seeks relief against a co-defendant, as to matters not apparent on the face of the original bill, he must file his cross bill, making parties thereto such of his co-defendants and such others as are necessary to the relief demanded, and process is required to bring such co-defendants, as well as others who may be impleaded with them, into court. This rule of practice has been held to be applicable to analogous proceedings under our code. *Fletcher* v. *Holmes*, 25 Ind. 458; *Joyce* v. *Whitney*, 57 Ind. 550. As a rule of practice, this requirement of notice to a co-defendant of the filing of a cross complaint has a strict application to the case before us, as actions for an injunction are in their origin, as well as in all their essential characteristics, a chancery proceeding. The court, therefore, erred in entering a default against the appellant upon the cross complaint without the service of process upon him, and without an appearance by him and a failure to plead. All the subsequent proceedings upon the cross complaint were consequently erroneous.

The judgment upon the cross complaint is reversed, at the costs of the appellee Jones, and the cause is remanded for further proceedings not inconsistent with this opinion.