Knopf v. Morel.

No. 7584.

## KNOPF v. MOREL.

PLEADING.—*Complaint.—Surplusage.*—Statements of facts in a complaint, which are in themselves material and relevant to the cause of action, can not be regarded as surplusage, although they overthrow the pleading.

SAME.—*Repugnant Allegations.*—Where a complaint contains material and relevant facts, which constitute a defence to the action, it is bad on demurrer.

JUDGMENT.—*Suretyship.—Contribution.—Collateral Attack.*—Where a valid judgment has been rendered against several defendants, in which the question of suretyship between them has been determined, a suit for contribution afterwards brought by one of such defendants is a collateral attack on the judgment, and will fail.

SAME.—*Evidence.—Reversible Error.*—Parol evidence attacking a judgment which the record thereof on its face shows to be void, though incompetent, does not prejudice nor impair the rights of the party claiming under such judgment, and the admission of such evidence is not reversible error.

PRINCIPAL AND SURETY.—*Judgment Defendants Primarily Liable.—Establishment of Suretyship.*—Parties against whom a judgment is taken are deemed primarily liable, unless the judgment determines the question of suretyship, though after judgment one who occupies the relation of surety may have the fact judicially established, and an order for an execution in his favor.

SAME.—*Co-Sureties.—Jurisdiction.*—Jurisdiction to determine the rights of the plaintiff as against the defendants is not jurisdiction to determine the rights of the defendants on the question of suretyship, and does not of itself authorize an adjudication on that subject.

SAME.—To secure a judicial determination of the question of suretyship, proper steps must be taken to invest the court with jurisdiction, and jurisdiction is not conferred by a complaint upon an instrument which does not on its face fully disclose the relation of the parties.

SAME.—*Question of Suretyship an Independent One.—General Rule.—Exception.*—The question of suretyship, so far as it affects the rights of the debtors between themselves, is an independent one, and is not as a general rule determinable upon the complaint, although there are cases where the complaint so fully discloses the facts as to give jurisdiction to adjudicate upon questions of suretyship without process issuing upon the cross-complaint, and even without a cross-complaint. *Githens* v. *Kimmer*, 68 Ind. 362, limited.

SAME.—*Endorser.—Establishment of Suretyship.*—An endorser can not have a judgment conclusively establishing suretyship upon the complaint of the plaintiff on a promissory note upon which, from the position of his

name upon the instrument, he *prima facie* appears as surety, without bringing the makers into court upon the question of suretyship.

SAME.—*Judgment Determining Suretyship Without Proper Pleadings Void.*—— A judgment rendered in an action before a justice of the peace, where the only complaint is a promissory note bearing the names of two makers on the face thereof and the name of another on the back, which assumes to determine the question of suretyship by adjudging the party whose name is on the back of the note to be surety, there being no pleadings filed raising such question, is invalid so far as it assumes to settle the question of suretyship, and is no bar to a subsequent action for contribution against the party so adjudged to be surety.

SAME.—*Endorser.—Liability of.—Presumption.—Evidence.*—An endorser is not presumed to be a co-surety of one who signs as maker of a note, but parol evidence is admissible to prove that he did sign as co-surety.

SAME.—*Contribution.—Endorser.—Co-Sureties.—·Pleading.*— *Complaint.* — In an action for contribution, by one claiming to be surety on a promissory note upon which judgment has been rendered against an endorser who it is alleged was the co-surety of the plaintiff, it is sufficient to allege in the complaint that they were co-sureties, and that neither received any part of the consideration, without an averment that there was any contract between the parties establishing the relation claimed.

SAME.—*Co-Sureties.—Contract Between Endorser and Maker.—Evidence.—Admission by Conduct.*—In an action for contribution by one claiming to be surety, seeking to establish the relation of co-suretyship between himself and one claiming to be endorser merely, evidence tending to show that the latter had entered into an agreement with the maker, after the execution of the note, that such maker should pay him five dollars each week, and that under such agreement he had received fifteen dollars, is admissible, not for the purpose of charging the defendant with the money received, but as an admission by conduct.

SAME.—The fact that an endorser of a promissory note received money from the principal to apply on the note is not of itself sufficient to entitle one who signs as maker to contribution. The endorser is bound to apply the money so received to a reduction of the debt, but his position is not thereby changed to that of a co-surety.

From the Wayne Superior Court.

*C. H. Burchenal*, for appellant.

*S. A. Forkner*, *H. C. Fox* and *J. F. Robbins*, for appellee.

ELLIOTT, J.—It is alleged in the first paragraph of the complaint that, on the 28th day of February, 1876, August Emerick executed a promissory note to George Buhl for

one hundred dollars; that the appellee, Morel, signed it as surety; that the appellant, Knopf, endorsed the note as the co-surety of appellee; that no part of the consideration was received by any of the sureties; that, on the 5th day of September, 1876, judgment was recovered in an action on the note, brought before a justice of the peace, against Louis Knopf, Emerick and the appellee; that the judgment was rendered upon default; that, "through inadvertence, mistake, or otherwise, the court found that Louis Knopf was surety for Emerick and the plaintiff, and so rendered judgment;" that the only evidence and pleadings in the cause was the original note; that the appellee was not aware of the judgment until more than thirty days after it had been rendered; that the appellee did pay the judgment, and that Emerick is insolvent. Prayer that Knopf be compelled to contribute.

The appellant's counsel argues that this paragraph of the complaint is bad, because " it shows that there was a finding and judgment that the appellant was surety for the appellee." To break the force of this argument appellee's counsel assert that the statements respecting the judgment of the justice are mere surplusage, and do not vitiate the pleading. Our opinion is against the appellee on this point. The statements of the pleading are of material facts, and can not be disregarded. If it is true that there was a valid judgment, then the complaint is bad, and the statements are relevant and material. Statements in themselves material and relevant to the cause of action can not be regarded as surplusage, although they overthrow the complaint.

Where a pleader, in stating the facts of his cause of action, states material and relevant facts constituting a defence, he makes his pleading bad. He is not bound to anticipate the defence; but, if he does undertake to do so, and states facts constituting a defence, his pleading will fall before a demurrer. *Behrley* v. *Behrley*, 93 Ind. 255; *Calvo* v. *Davies*, 73 N. Y. 211.

It follows from the propositions stated that the controlling question is, whether the judgment of the justice is a bar to this suit for contribution, and it must be regarded as a bar unless it was void so far as it attempted to determine the question of suretyship. If it was not void, then it is invulnerable against this attack, for a suit for contribution is a collateral attack, and only void judgments yield to such attacks.

It is settled that the question of suretyship must be determined by a judicial decision. Parties to an instrument upon which suit is brought may have the question of suretyship determined, but until it is determined they can not claim the statutory rights of sureties. This is illustrated by the case of *Montgomery* v. *Vickery*, 110 Ind. 211, where it was held that parties against whom a judgment is taken are deemed primarily liable unless the judgment determines the question of suretyship. In that case the original judgment did not determine the question of suretyship, and it was held that, until that question is judicially settled, the parties must be regarded as primarily liable on the original judgment. It was also held in that case, that the original judgment not having determined that question, its determination in a subsequent suit was conclusive at least as against a collateral attack, and it was said: "It has been repeatedly held that even after judgment one who occupies the relation of surety may have that fact established and an order for an execution in his favor. *Scherer* v. *Schutz*, 83 Ind. 543; *Harker* v. *Glidewell*, 23 Ind. 219; *Bowser* v. *Rendell*, 31 Ind. 128."

It is clear, therefore, that the parties in the action before the justice of the peace might have asked and obtained a decision of the question of suretyship, for the justice would, if he had obtained jurisdiction of the persons of the parties upon the question of suretyship, have had authority to adjudicate that question. It is, however, essential that jurisdiction of the parties should extend to the question of suretyship between those liable on the instrument sued on, inasmuch as

jurisdiction of the complaint of the plaintiff does not in itself authorize an adjudication upon the rights of the defendants among themselves. Jurisdiction to determine the rights of the plaintiff as against the defendants is not jurisdiction to determine the rights of the defendants on the question of suretyship. As decided in *Montgomery* v. *Vickery, supra,* and in many other cases, the defendants are all primarily liable on the judgment unless the judgment itself, or some other judicial decree, otherwise orders, and this order can only be made where there is jurisdiction of the person as well as of the subject-matter. The parties have a right, in the proper case, to a judicial determination of the question of suretyship, and a judgment where there was jurisdiction would undoubtedly be conclusive; but, to secure this judicial decision, proper steps must be taken to invest the court with jurisdiction. This jurisdiction is not conferred by a plaintiff's complaint upon an instrument which does not on its face fully disclose the relation of the parties. The question of suretyship so far as it affects the rights of the debtors between themselves is an independent one, and is not, as a general rule, determinable upon the complaint of the plaintiff. In *Joyce* v. *Whitney,* 57 Ind. 550, it was held that a decree rendered on the complaint of the plaintiff alone declaring some of the defendants sureties for the others " was invalid and void on its face," and this is the general rule maintained by our cases. *Johnson* v. *Meier,* 62 Ind. 98, 101; *Baldwin* v. *Webster,* 68 Ind. 133; *Swift* v. *Brumfield,* 76 Ind. 472; *Douch* v. *Bliss,* 80 Ind. 316; *Montgomery* v. *Vickery, supra; Bliss* v. *Douch,* 110 Ind. 296.

In *Githens* v. *Kimmer,* 68 Ind. 362, the complaint showed a judgment on the question of suretyship in favor of the plaintiff who sought to enforce contribution; but, in that case, the plaintiff relied on the fact that he was surety and not on the judgment, so that the decision must be so limited as not to be regarded as in conflict with the decisions we here cite. All that was decided in that case is embodied in

this statement: "The court erred in sustaining the demurrer to the complaint. *Joyce* v. *Whitney*, 57 Ind. 550."

We have ascertained the general rule, and it only remains to inquire whether it controls this case. There are, doubtless, cases where the complaint so fully discloses the facts as to give jurisdiction to adjudicate upon all questions without process issuing on the cross-complaint, and, indeed, without a cross-complaint. *Bevier* v. *Kahn, ante,* p. 200. If this case can be regarded as belonging to that class, then the judgment was not void; but the difficult question is, does it belong to that class of cases?

It is true that *prima facie* the relation of Knopf is that of an endorser. *Browning* v. *Merritt,* 61 Ind. 425. But this was only *prima facie* so as against the appellee. In *Porter* v. *Waltz,* 108 Ind. 40, the appellant signed, "J. C. Long, security for the three above parties," and it was held that this was not conclusive of the rights of the other makers. It was there said: "The rights and liabilities of sureties depend ultimately upon the relation which each sustained to the other and to the transaction, as well as upon the contract between themselves. * * *Schooley* v. *Fletcher,* 45 Ind. 86; *Bowser* v. *Rendell,* 31 Ind. 128; *Lacy* v. *Lofton,* 26 Ind. 324; *Horn* v. *Bray,* 51 Ind. 555 (19 Am. Rep. 742); *Nesbit* v. *Knowlton,* 51 Ind. 352." This doctrine applies here.

An endorser can not have a judgment conclusively establishing suretyship upon the complaint of the plaintiff on a promissory note upon which, from the position of his name on the instrument, he *prima facie* appears as surety. In such a case, by taking the proper steps, he might have that question litigated, and the note would, perhaps, be *prima facie* evidence in his favor. *Hoffman* v. *Butler,* 105 Ind. 371. But, without bringing the makers into court upon the question of suretyship, the endorser can not, upon a mere inspection of the note, have that question conclusively determined. In this case the note was not payable to the endorser, but to George Buhl, the plaintiff in the original action, and it was

competent, therefore, for the parties to show the actual rela-
tion between them.    *Vore* v. *Hurst,* 13 Ind. 551 ; *Browning*
v. *Merritt, supra.*    It must result, as a necessary and logical
consequence, that, as the right existed to show the actual re-
lation of the parties, the appellee could not be concluded by
a judgment in which that question could not have been legally
litigated.

It is asserted that the first and second paragraphs of the
complaint are bad, because they do not aver that there was a
contract establishing the relation of co-sureties.    We think,
however, that the facts alleged sufficiently show this relation,
for it is averred that they were co-sureties, and that neither
received any part of the consideration.    It is true that an
endorser is not to be presumed to be a co-surety of one who
signs as maker.    *Dunn* v. *Sparks,* 7 Ind. 490.    But parol
evidence is admissible to prove that he did sign as co-surety,
Brandt Suretyship, sections 225, 226 ; *Dunn* v. *Sparks, supra ;*
*Harshman* v. *Armstrong,* 43 Ind. 126.    It was, therefore, com-
petent to allege that Knopf was the appellee's co-surety, and
the only question is, was it necessary to set forth any con-
tract?    We think it was not.    Our opinion is that it was
sufficient to allege that he was a co-surety without stating
the contract between the parties.    This we must hold or
overrule the decision in *Githens* v. *Kimmer, supra.*    That the
relation of co-surety did exist was a fact, and the contract
and details of the transaction were the evidence to establish
that fact.    Evidence need not and should not be pleaded.    It
is not always an easy task to define the line between the facts
and the evidence of facts; but, from an examination of our
cases, we conclude that it must be held that it is enough to
aver that the party was a surety, and received no part of the
consideration.    Bliss Code Pleading, section 206.

As we regard the proceedings before the justice, so far as
they affected the question of suretyship, as void, we do not
deem it necessary to consider in detail the questions arising
on the admission of the evidence of the justice.    The evi-

dence was of such a character as not to prejudice the substantial rights of the appellant; for, if the proceeding was entirely destitute of force, it can not be that evidence tending to prove by parol what ought to have been proved by the record could have harmed the appellant. As the record, on its face, showed that the proceeding was void, evidence tending to establish the same thing, even if incompetent, did not impair the rights of the appellant, since from a void judgment no legal right could flow.

There was no error in permitting the appellee to prove that the appellant and Emerick, after the execution of the note, entered into an agreement that the latter should pay the former five dollars each week, and that, under this agreement, the sum of fifteen dollars was paid. This testimony tended to prove that the appellant was liable on the note as surety, and in that capacity had received money from his principal, although in itself it was not sufficient to accomplish that result. We do not think that the testimony was admissible for the purpose of charging the appellant with the money he received, for there was no allegation in the complaint on that subject; but we do think the evidence was competent, because it is to be regarded as an admission by conduct.

We have carefully studied the evidence, and we can not resist the conclusion that the trial court erred in applying the law to it. Knopf signed as an endorser, and, as we have seen, was *prima facie* liable in that capacity. We can find no evidence that he undertook in any other capacity, although we have given it the most careful scrutiny. The uncontradicted evidence is, that he refused to sign as maker, and there is no evidence that he agreed to be held as a co-surety. In the absence of evidence showing that he undertook as co-surety he can not be compelled to contribute. *Schulz* v. *Klenk*, 49 Ind. 212; *Nurre* v. *Chittenden*, 56 Ind. 462; *Hillegas* v. *Stephenson*, 75 Mo. 118 (42 Am. Rep. 393); *Smith*

v. *Smith*, 1 Dev. Eq. (N. C.) 173; *Briggs* v. *Boyd*, 37 Vt. 534.

Evidence of the fact that the endorser received money from the principal to apply on the note is not, of itself, sufficent to entitle one who signs as maker to contribution. This is obviously so, because the endorser is liable to the creditor,. and has a right to protect himself by taking money from the debtor without changing his position. He is, to be sure, bound to apply the money so received to a reduction of the debt, but he does not change his position to that of a cosurety.

Judgment reversed.

