Manford v. Firth et al., Executors, et al.

PRINCIPAL AND SURETY.—*Subrogation of Surety on Payment of Judgment.* —*Assignment of Judgment by Attorney.*—*Notice.*—In an action against A., B. and C., the complaint alleged the rendition of a joint judgment against the plaintiff and A., in favor of B., on a promissory note executed by the plaintiff as surety and A. as principal ; that the plaintiff, to obtain an assignment of the judgment, paid the amount thereof to a sheriff holding an execution thereon, and that B.'s attorney of record thereupon assigned the same to the plaintiff, on the record ; that subsequently A. had become the owner of real estate subject to the lien of such judgment ; and that C. had subsequently obtained a judgment against A., which was

a lien on such realty. Prayer that the plaintiff be subrogated to B.'s former rights in the judgment, as against all the defendants

*Held,* on demurrer, that such assignment was notice of the plaintiff's rights, and that the complaint is sufficient.

From the Switzerland Circuit Court.

*S. Carter* and *W. R. Johnston,* for appellant.

*W. H. Adkinson, J. A. Works* and *J. D. Works,* for appellees.

SCOTT, J.—The appellant brought suit in the circuit court, against one Jennings and one Jeremiah Morton Manford and the appellees, for the purpose of having himself subrogated to the rights of said Jennings in and to a certain judgment which said Jennings had previously obtained against the said Jeremiah Morton Manford and the appellant.

The complaint alleged the obtaining of the judgment against the appellant and said Jeremiah Morton Manford, by said Jennings; that the judgment was obtained on a promissory note executed by said Jeremiah Morton Manford and the appellant; that the appellant was only surety on said note; that an execution issued on said judgment; that the appellant paid said judgment to the sheriff, for the purpose of procuring an assignment of the judgment to himself; that George W. Paul, the attorney of record for said Jennings, assigned the said judgment to the appellant on the order-book; that, after the date of the judgment, said Jeremiah Morton Manford inherited certain real estate from his father; that some of the appellees had obtained judgment against the said Jeremiah Morton Manford, and others of the appellees were attempting to procure judgment against him.

Jennings and Jeremiah Morton Manford made default, and judgment was rendered against them. The other defendants, appellees, severally demurred to the complaint, for the want of sufficient facts. These demurrers were sustained, and exceptions entered.

The general principle, that a surety who pays the debt of his principal has the right to be subrogated to all the rights of the creditor as they existed before the debt was paid, is well established. The substitution of the surety is not for the creditor as he stands related to the principal after the payment, but as he stood related to him before the payment. He is subrogated to such rights as the creditor then had against the principal. The debt may be assigned to the surety by the creditor, and the assignment will carry with it all securities or rights of the creditor. It is quite immaterial whether there is in point of fact an assignment of the debt or security or not. For if, upon equitable principles, the surety is entitled to it, a court of equity will consider that as done which ought to have been done; and, if necessary for the protection of the surety, will decree an assignment to be made. *Lumpkin* v. *Mills*, 4 Ga. 343; *Sublett* v. *McKinney*, 19 Tex. 438; Brandt Suretyship, etc., 281, sec. 199; *Morrison* v. *Page*, 9 Dana, 428.

Jennings, on receiving the amount due on his judgment from the appellant, had the right to substitute the appellant as the judgment creditor in equity—the subrogation being, as it doubtless was, one of the considerations for the payment of the amount due on the judgment.

But it is contended by counsel that the assignment having been made by an attorney was void, because the attorney had no authority to make the assignment. The complaint does not show that he had authority to assign the judgment. The assignment, if it were void as a legal assignment for want of authority, was certainly a good assignment in equity, and placed the record in such condition that no one could by any possibility be induced to believe that it was satisfied; for the very fact appeared otherwise upon the face of the record itself. The appellant has the right to have the question of suretyship tried,

and if it be found that he was, in point of fact, the surety for the said Jeremiah Morton Manford, and that he has paid said judgment, as alleged in the complaint, then it will be his right to have himself substituted for Jennings as judgment creditor in said judgment, and be subrogated to all the rights of Jennings in and to the judgment, anterior to, and subsisting at the time of the payment by him of the amount due on said judgment.

The demurrers to the complaint should have been overruled.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to the circuit court to overrule the demurrers to the complaint, and for further proceedings in accordance with this opinion.