No. 7892.

## Downey et al. *v.* Washburn.

**Judgment.**—*Payment.*—*Lien in Favor of Replevin Bail.*—*Entry or Return of Satisfaction.*—*Notice.*—Under the 676th section of the code (R. S. 1881, sec. 1214,) in the case of replevin bail for the stay of execution on a judgment, and in other cases provided for, if the suretyship or other corresponding fact necessary to entitle the party to the benefit of the section, appear of record, an entry or return of satisfaction of the judgment, it not being shown by whom the payment was made, shall not be deemed to extinguish the lien of the judgment, upon the real estate of the judgment debtor, in favor of the replevin bail or other person entitled thereto, if the payment was made by him, as against the grantees of the judgment debtor, though they purchased without actual notice of such lien.

**Same.**—*Notice to Purchaser of Real Estate.*—Where the entry or return of satisfaction by payment of a judgment is silent in respect to the person by whom the payment was made, and the fact is apparent of record that there is a party so related to the judgment as to be entitled to the lien thereof under the 676th section of the code, a purchaser of the land of the judgment debtor is put upon inquiry whether the payment was made by the one entitled to keep the judgment alive. Elliott, C. J., dissents.

From the Wabash Circuit Court.

*M. H. Kidd*, for appellants.

*W. G. Sayre*, for appellee.

Woods, J.—Action by the appellee against the appellants to enjoin the sale on execution of certain real estate. Finding

and judgment for the plaintiff. No question is made upon the complaint or other pleadings, but only upon the sufficiency of the evidence to sustain the finding and judgment of the court.

The entire evidence consisted of an agreed statement of facts, in substance as follows, viz.: On and before December 11th, 1876, Benjamin F. Roberts was the owner of the real estate in question, and on that day, for an adequate consideration then paid, conveyed the same to the appellee by a deed of general warranty, which was duly recorded.

On the 19th day of November, 1868, Timothy Donovan recovered in the court of common pleas of Wabash county, where said real estate was situate, a judgment for $1,161.31 against said Roberts and another, on which judgment Solomon Downey, the appellant, on January 16th, 1869, became replevin bail for the stay of execution, and as such made certain payments on said judgments, to wit: on July 17th, 1869, one hundred dollars, and on June 14th, 1870, sixty-five dollars; there was nothing in the record showing that said Downey made said payments, or any payments whatever, upon said judgment. Several executions were issued on said judgment after the expiration of the stay, on the last of which the sheriff made the following return: "I return this writ satisfied in full as shown by plaintiff's receipt for prin. and int. * * * * Sale of real estate made on this execution set aside by direction of plaintiff as shown by order herewith filed," signed "John McKahan, sheriff." Accompanying this return were receipts, endorsed on the writ, signed by the attorneys of the judgment plaintiff, as follows, viz.: May 29, 1869, $98.88; July 5, 1869, $650; July 15, 1869, $350, and August 19, 1870, $56.96 "in full of balance, principal and interest;" and the following release: "State of Indiana, Wabash county, ss. I, Timothy Donovan, do hereby release all my right, title and interest to any land bought by me at sheriff's sale," etc., "and especially the land bought in by me and taken as the property of Solomon Downey, replevin bail on said judgment. Witness my hand and seal this 19th

day of August, 1870. Timothy Donovan." Said return, release and receipts were duly recorded in the proper execution docket. On January 12th, 1870, said Downey instituted in the Wabash Circuit Court an action against said Roberts, claiming that he, Downey, had made payment of said sums on said judgment, and that said judgment remained unsatisfied and in force for his use; and in said action recovered a judgment awarding him an execution for said amounts and interest, and accordingly on the 23d day of May, 1877, said Downey caused an execution to be duly issued on said judgment in favor of Donovan against Roberts and McClure, and in his favor as replevin bail against the property of said Roberts, which execution came into the hands of the defendant Harvey F. Woods, the sheriff of said county, who has levied the same on, and by virtue thereof is about to sell, said real estate. Said Roberts is insolvent, and said McClure became a nonresident of the State, and died several years before January, 1877. At the time of purchasing said real estate, Washburn had no actual notice and no notice at all of the payments by Downey, unless the return of the sheriff with the receipts and release by Donovan of the sale of Downey's land, as above set out, amounts to constructive notice.

The question for solution is, whether on these facts the appellee was entitled to a finding and decree enjoining the sale of the property, upon the execution issued in favor of Downey, as replevin bail.

The appellee has not favored us with a brief. The counsel for the appellants, by implication at least, concedes that if the appellee purchased without notice of Downey's having made payments on the judgment, he took the land free from the lien of the judgment; but insists that on the facts stated he had constructive notice, in this, that the return of the sheriff showing that the writ in the first instance was satisfied by a sale of the land of the replevin bail, and that the land was subsequently released from that sale by the purchaser, " was sufficient to put the appellee on inquiry."

We can not say, as matter of law, that the facts so returned by the sheriff amounted to constructive notice, or were enough to put the purchaser on inquiry, as contended. The most that can be said, and it may be too much to say, is, that the return constituted evidence tending to show or suggest that Downey may have paid something on the writ, and that the purchaser ought to have made inquiry; but, regarded only as evidence in that direction, the finding of the circuit court against such conclusion is final. The case is not one upon an agreed state of facts, calling simply for a conclusion of law by the court, but it is one upon an agreement as to the evidence on which the court rendered a general finding, involving a conclusion both of law and fact.

The inquiry, therefore, comes to this: If the replevin bail on a judgment pays the same in whole or in part, and the judgment is satisfied of record, either by the return of the sheriff on an execution, or by an entry of the clerk if the payment was made to him, and it is not shown of record by whom the payment was made, whether by the judgment debtor or by the replevin bail, does the purchaser of the real estate of the judgment debtor, who buys without actual notice, take a title free from the lien of the judgment as against the replevin bail?

By section 225 of the code, every judgment or decree shall be deemed satisfied after the expiration of twenty years; and, by section 527, all final judgments of the Supreme and circuit courts and courts of common pleas, for the recovery of money or costs, shall be a lien upon real estate and chattels, liable to execution in the county where the judgment is rendered, for the space of ten years after the rendition thereof and no longer.

The clerk is required to keep judgment and execution dockets, and in the latter to "prepare an additional column, in which he shall enter at length the return of the sheriff; and such docket entries shall be taken and deemed to be a record." Section 517. But it is not enacted or declared that the return of an execution as satisfied or paid shall operate as a discharge

or satisfaction of the judgment on which the writ was issued; that is only a matter of legal inference, which doubtless follows in every case not governed by a contrary statutory provision.

By section 676 of the code, however, it is enacted, that "When any defendant-surety in a judgment or special bail or replevin bail, or surety in a delivery bond, or replevin bond, or any person being surety in any undertaking whatever, has been or shall be compelled to pay any judgment or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship, or when any sheriff or other officer, or any surety upon his official bond, shall be compelled to pay any judgment or any part thereof, by reason of any default of such officer, except for failing to pay over money collected, or for wasting property levied on, the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail, surety, officer or other person making such payment, and after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use."

This provision that the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail, is at once specific and comprehensive, and leaves room only for this inquiry, namely, whether it must appear of record that the satisfaction was by "such payment," that is, a payment made by the bail or other surety?

Independent of any statutory provision, it is the undoubted right of a surety or indorser, or any one standing in a like relation to the principal debtor, if compelled to pay the debt, to be subrogated to the rights of the creditor, and, in case the creditor has a judgment, to use that judgment for the purpose of coercing payment by the principal. Freeman on Judgments, section 470, *et passim; Manford* v. *Firth,* 68 Ind. 83. In *Baily* v. *Brownfield,* 20 Pa. St. 41, the Supreme Court of Pennsylvania, speaking by BLACK, C. J., says: "The entry of satisfaction of a judgment collected by execution from a surety, such entry not being made at the instance of the

surety, is no ground for refusing subrogation. Whether the fact of payment does or does not appear on the record, it can not be allowed to have any influence on the rights of the parties, except what equity gives it."

If, therefore, this section of the code was designed to preserve the lien of the judgment for the surety's benefit, as against the judgment defendant and those claiming under him with notice only, then the statute has accomplished for the surety only what equity was doing for him already, and doing just as well as can be done under the statute. We think the statute was intended and may well be so interpreted as to accomplish more than a mere equitable subrogation. By the very terms of the enactment, as between the judgment plaintiff and judgment debtor, the judgment must be fully paid before the rights of the bail, surety or other persons provided for, can intervene; and it would seem to be an inconsistent and illogical conclusion to hold that the return of the sheriff, showing one of the facts necessary to the existence of a right, shall be deemed in any instance to destroy the right.

In *Lapping* v. *Duffy*, 65 Ind. 229, it was held that a receipt upon the record of a judgment, acknowledging payment thereof, could be explained or contradicted, as against a purchaser without notice, and this conclusion is put upon the ground that the law does not provide for the receipting of judgments on the record, nor for the effect of such receipts. Whatever may be thought of that case in itself, the reasoning of it may be fairly applied here. The law does not provide that the sheriff, in making return of money collected upon an execution, shall show of whom it was collected. It may possibly be within his duty to show the facts in this respect, if known to him, and it may be that his return would be conclusive on the parties until set aside; but, in this case, the return is silent on the subject.

The bare fact of payment of the writ in full is shown, a fact, as already suggested, necessary to, and tending to show, the appellant's right to have the judgment remain alive for his use;

having that tendency at least as much as to warrant an inference that the payment had been made by the judgment debtor.

There can be no certain or legal inference from the mere fact of payment of a debt, that it was paid by the principal debtor rather than his surety. A reasonably prudent man would not, in an important matter, act on such presumption.

If the conveyance of the property had been made while the execution was still in the hands of the sheriff, after the payment but before the return, would the purchaser have been permitted to obtain from the officer the simple statement that the writ had been paid, and from that to infer that the principal debtor had made the payment, or would he not rather have been bound to make further inquiry on the subject? And if, while the writ is in the officer's hands, the purchaser may not rely on a knowledge of the bare fact of payment, why does that fact become more significant when made a matter of record? As a rule, a recorded fact is of no more import than an unrecorded one, to those who have knowledge of it.

A due regard for the purpose intended to be accomplished by the section of the code referred to, as well as for the rights of purchasers claiming under the judgment debtor, requires us to hold, and we do hold, that in the case of replevin bail for the stay of execution on a judgment, and in other cases provided for, if the suretyship or other corresponding fact necessary to entitle the party to the benefit of the section appear of record, an entry or return of satisfaction of the judgment by payment, it not being shown by whom the payment was made, shall not be deemed to extinguish the lien of the judgment in favor of the bail or other person entitled thereto, if the payment was made by him, as against purchasers from the judgment debtor. The fact, apparent of record, that there is a party so related to the judgment as to be entitled to the benefit of the provisions of said section, if compelled to pay the judgment, must be deemed sufficient to put the purchaser on inquiry whether the payment was made by such person, if the record is silent in that respect.

Judgment reversed, with instructions to sustain the motion for a new trial.

### DISSENTING OPINION.

ELLIOTT, C. J.—I can not divest my mind of the conviction that a proper application of the law governing the rights of *bona fide* purchasers of real estate leads to a conclusion different from that declared in the prevailing opinion.

A purchaser who pays full value, acts in good faith and exercises ordinary diligence, is always protected against rights of which he has not actual or constructive notice. In the case under consideration there is the utmost good faith, no want of diligence and no notice. It is not pretended that there was actual notice. Was there constructive notice? The return of the sheriff showed that the judgment was satisfied. This was the record. The purchaser was not bound to look beyond the face of the record. I suppose *bona fide* purchasers have a full right to act upon natural and legal presumptions and can not go wrong when they do so. The natural presumption is that the original, principal debtor is the one who pays the debt, not his surety, who has received no benefit from the contract. This is also the legal presumption. It is embodied in the rudimental principle, that the law imputes to every man an intention to fulfil his obligation. The obligation to pay the judgment rested on the debtor, and not on his bail; and, in the absence of some showing to the contrary, a purchaser would have a right to act upon the presumption that the judgment was paid by the person against whom it was rendered. It is upon this general principle that one of the rules governing the application of payments rests. It is universally held that where money is paid to a creditor holding several obligations, upon some of which the debtor is immediately liable, and upon others contingently or collaterally, the payment will be applied upon the debt for which the debtor is immediately liable, unless directions to the contrary are given. The reason of the rule is, that it

is presumed that the debtor meant to pay and did pay his own debt. *Snyder* v. *Robinson,* 35 Ind. 311; 1 Am. L. Cases, 277.

Another strong presumption comes to the purchaser's relief. Payment of a judgment is presumptively an extinguishment. A party who shows payment makes out a *prima facie* case, and it devolves upon his adversary to show some reason why this *prima facie* case shall not prevail. A purchaser finding of record in the proper place, made by the proper officer, an entry of payment of a judgment, has a right to presume, nothing to the contrary appearing, that it is extinguished. In doing this he but acts on a legal presumption, everywhere recognized.

These legal presumptions are sufficient of themselves, as I think, to entitle the purchaser to hold the property free from the judgment, but they are strengthened by the further consideration that the law requires that the judgment shall be made out of the property of the principal debtor. What is the natural presumption flowing from this doctrine, if it be not that the money which paid the judgment came from the man who ought to have paid it? If the debtor was shown to have had no property, there would be some reason for disputing the applicability of this presumption, but it here appears that he did have property.

In this particular instance the general presumptions referred to are strengthened by the fact that, although the bail's property was levied on and sold, it was afterwards released by agreement. This fact lends support to the presumption that the principal debtor paid his own debt and thus secured the release of his surety's property.

It is not imposing an unreasonable burden upon a replevin bail, who pays a judgment, to require him to cause that fact to appear of record. Dead the judgment would be, but for the provisions of the statute, in favor of replevin bail, and surely the bail ought to have the return or record show payment by him, and thus secure the life-preserving power of the statute. It is no great task to take such precaution as will make

the return show by whom the judgment was paid.   One who desires to keep alive an apparently dead judgment, should do some affirmative act which will carry notice to *bona fide* purchasers.   A man may push the right of self-defence to the last extremity upon appearances, and surely appearances may protect one who honestly buys property and pays full value.   One who would make a thing different from what it appears to be, should do some affirmative act revealing the difference.   It was in the power of the bail to have given notice that he paid the money.   Ordinary diligence would have enabled him to do this, and a man who fails to exercise diligence, where diligence is necessary, ought not to have the helping hand of the court extended to him.

This outline of my views is sufficient to indicate, but not to unfold, the reasons which impel me to dissent from the opinion of the majority.