No. 9252.

## SCHERER *v.* SCHUTZ ET AL.

PRINCIPAL AND SURETY.—*Trial of Suretyship After Payment of Judgment.— Complaint.—Exhibit.—Execution.*—Sections 674 and 676 of the code of 1852 (R. S. 1881, sections 1212 and 1214,) authorize a judgment defendant who is a surety, but has not had the suretyship judicially determined, and has been compelled to pay the judgment, to obtain execution thereon for the amount by a proper complaint for that purpose, filed after such payment, and a copy of the judgment need not be filed with the complaint.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

BICKNELL, C. C.— Peter Heiser recovered a judgment against Scherer, Schutz and Seeberger upon a joint promissory note, and Schutz and Seeberger were compelled to pay it. They then brought this suit against Scherer, alleging that they were sureties only, and praying that they might have the benefit of said judgment as sureties, as in such cases provided, and all proper relief.

The defendant demurred to the complaint, for want of facts sufficient, etc. The demurrer was overruled. The defendant answered by a general denial. The issue was tried by the court, who found for the plaintiffs, and rendered judgment, that the plaintiffs are sureties of said Scherer on said judg-

ment, and that said judgment is revived in favor of said plaintiffs, and that they shall have execution thereon against said Scherer.

The defendant moved for a new trial, because:

1. The finding was contrary to the evidence.

2. The finding was contrary to law.

This motion was overruled; the defendant appealed from the judgment. He assigns the following errors:

1. Overruling the demurrer to the complaint.

2. Overruling the motion for a new trial.

In the case of *Laval* v. *Rowley*, 17 Ind. 36, it was held that where a joint judgment is taken against two or more, some of whom are sureties, the sureties, after paying the judgment, can not have execution against the principal debtor unless the fact of suretyship has been judicially determined.

In the case of *Harker* v. *Glidewell*, 23 Ind. 219, it was held that where a surety had been compelled to pay a judgment for his principal, he might, upon a proper complaint, obtain a judgment against his principal for the money so paid. The court said: " The statutory provisions, secs. 674–677 of the code, furnish an easy and convenient remedy for sureties, but the remedy existing at common law is not thereby taken away."

The present suit is brought under sections 674 and 676 of the code, and the remedy sought is an execution on the judgment in favor of the sureties against the principal, notwithstanding their payment of the judgment.

Section 676 is as follows: " When any defendant surety in a judgment * * * has been or shall be compelled to pay any judgment, * * the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail, surety, * and after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use."

Section 674 is as follows: " The surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined, upon the issue made by the parties, at

the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff."

In the case of *Laval* v. *Rowley*, *supra*, the court held that section 676 provides no mode in which the question of suretyship may be determined; it is insisted that sections 674 and 675 apply solely to the execution issued for the use of the judgment plaintiff, and that the object is to compel him to resort first to the property of the principal, and save the surety from the inconvenience of first paying the plaintiff and then collecting the money from the principal. This is, doubtless, one prominent object of these sections, but we perceive no reason why they may not also be intended to enable the surety to place himself in a position to enforce his rights under other sections of the statute. It is not easy to see how a judgment defendant can be recognized as a defendant surety, entitled to execution under section 676, until he has been adjudged to be such, under section 674.

In *Richardson* v. *Howk*, 45 Ind. 451, there was no issue of suretyship as to the defendant Richardson, and the court gave judgment against all the defendants. Afterwards Richardson filed a complaint alleging his suretyship for both the other defendants; an issue was joined thereon and was determined in his favor. This court held that the court below committed no error in permitting Richardson thus to file his complaint after judgment rendered in the original suit.

The appellant contends that the complaint of the sureties, in the case at bar, is a collateral attack upon the judgment, and, therefore, can not be allowed, and that the statutes above cited " do not contemplate an original proceeding in court, to have the matter of suretyship determined as to a judgment already rendered, but contemplate only the settlement of the question of suretyship in the original proceeding."

The cases hereinbefore referred to show that the appellant is mistaken, and that sections 674 and 676 of the code author-

ize a judgment defendant, who is a surety but has not had the suretyship judicially determined, and has been compelled to pay the judgment, to obtain execution thereon for the amount by a proper complaint for that purpose, filed after such payment of the judgment. In such a case it is not necessary to file with the complaint a copy of the judgment paid. *Harker* v. *Glidewell, supra.* There was no error in overruling the demurrer to the complaint, and there was no error in overruling the motion for a new trial.

The finding was not contrary to the evidence nor contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.