Filed March 29, 1887.

———————◆———————

No. 12,345.

MONTGOMERY ET AL. *v.* VICKERY.

JUDGMENT.—*Payment by One Primarily Liable.—Satisfaction.—Assignment.—* Payment of a judgment by one primarily liable is an absolute satisfaction of it, notwithstanding an assignment to the payor and an agreement that the judgment shall be kept alive for his benefit.

SAME.—*Defending Action in Name of Party.—Estoppel of Third Person.—*One who, though not a party to the action, appears and defends in the name of a party, is concluded by the judgment rendered therein.

PRINCIPAL AND SURETY.—*Action after Judgment to Establish Suretyship.— Execution.—*After a judgment has been rendered, one of the judgment defendants, who occupies the relation of surety, may maintain an action to determine that fact and to establish his right to an execution.

From the Morgan Circuit Court.

*W. R. Harrison, W. E. McCord, G. W. Grubbs* and *M. H. Parks,* for appellants.

*G. A. Adams, J. S. Newby, J. H. Jordan* and *O. Matthews,* for appellee.

ELLIOTT, C. J.—In the year 1872 Levi Frederick borrowed of Samuel M. Mitchell twenty-five hundred dollars, and Harmon C. Vickery, Eli D. Whittaker and Charles W. Vickery endorsed the note executed by Frederick to Mitchell, as accommodation endorsers. Frederick also borrowed from Sarah A. Goss three hundred dollars, and the same endorsers became his sureties. In 1875 Frederick failed in business, and transferred his property to his endorsers, but prior to doing so mortgaged it to secure a loan of twenty-five hundred dol-

lars.    The endorsers, Whittaker and the two Vickerys, assumed the payment of Frederick's debt to Mitchell, and executed to him their promissory notes with endorsers, and these notes were renewed at various times.    Whittaker and Harmon C. Vickery became insolvent, and received discharges in bankruptcy.    On the 18th day of September, 1877, Mitchell recovered judgment on the note executed by the two Vickerys and Whittaker, and on the 10th day of the same month Sarah A. Goss obtained judgment on the note executed to her. Charles W. Vickery, the appellee, paid the amount of these judgments, and caused them to be assigned to him on the judgment docket.    It was the intention and the agreement of the judgment plaintiffs and the appellee, that the judgment liens should be kept alive as against the land of Harmon C. Vickery.    The sureties of Frederick realized nothing from the property transferred to them, as it was all exhausted by the prior mortgage.    On the 13th day of October, 1877, the appellant and others obtained judgment against Harmon C. Vickery, and upon that judgment a sale of Harmon C. Vickery's land was made, under which the appellants claim title.

The judgments assigned to the appellee are superior in point of time, and unless they were destroyed by the payment made by him, they must prevail against the title asserted by the appellants.    The equities in favor of the appellee are very strong.    He became originally involved as a co-surety with Harmon C. Vickery, and the note on which the Mitchell judgment rests was executed to secure money to pay off the liability incurred as surety for Frederick, and on that judgment he was equitably liable for only one-half, as Whittaker was totally insolvent.    There was, therefore, not only a very strong equity in his favor, but there was also an express agreement that the Mitchell judgment and Goss judgment should be kept alive for his benefit.

The general rule undoubtedly is, that where equity requires it, a lien will be kept alive.    *Hanlon* v. *Doherty*, 109 Ind. 37.

This general rule will govern here unless overthrown by the legal rule that payment by one primarily liable is an absolute satisfaction of the judgment. *Laval* v. *Rowley*, 17 Ind. 36 ; *Klippel* v. *Shields*, 90 Ind. 81 ; *Shields* v. *Moore*, 84 Ind. 440 ; *Birke* v. *Abbott*, 103 Ind. 1 (53 Am. R. 474) ; *Mathews* v. *Lawrence*, 1 Denio, 212 ; *Hogan* v. *Reynolds*, 21 Ala. 56 (56 Am. Dec. 236) ; *Bartlett* v. *McRae*, 4 Ala. 688 ; *Harbeck* v. *Vanderbilt*, 20 N. Y. 395 ; *Booth* v. *F. & M. Nat'l Bank,.* 74 N. Y. 228.

These authorities require that it be held that the payment by the appellee of the Mitchell and Goss judgments was a satisfaction, notwithstanding the assignment to him of those judgments.

The appellee contends that the appellants are concluded by a judgment rendered in his favor in an action against Harmon C. Vickery and Eli D. Whittaker. One of the findings of the jury, which was adopted by the court, is, that "the plaintiffs did appear and make defence to the case tried in this court between Charles W. Vickery, as plaintiff, and Harmon C. Vickery, as defendant, in the name of said defendants, in said case for their own benefit, that is, for the benefit of the plaintiffs, Montgomery and Henry." The case referred to was brought by Charles W. Vickery to establish his right to an execution, and he prevailed.

It has been repeatedly held that even after judgment one who occupies the relation of surety may have that fact established and an order for an execution in his favor. *Scherer* v. *Schutz*, 83 Ind. 543 ; *Harker* v. *Glidewell*, 23 Ind. 219 ; *Bowser* v. *Rendell*, 31 Ind. 128. But, if it were conceded that a surety could not rightfully secure an execution, still that would not affect the question here presented to us so far as concerns Harmon C. Vickery, for the judgment in the proceedings instituted by Charles W. Vickery would conclude Harmon C. Vickery. A judgment, although erroneous, can not be annulled or impaired in a collateral attack. As to Harmon C. Vickery, it is undoubtedly conclusively

settled that the judgments in favor of Mitchell and Goss remained in force for the benefit of Charles W. Vickery, and that he was entitled to an execution to enforce them.

The remaining question is, was the judgment conclusive as to the appellants? The special finding of facts, in the absence of any attack upon it by a motion for a new trial, imports to us absolute verity, and we must, therefore, assume that it is true that the appellants did appear to and defend that action. If they did this they have had their day in court, and are concluded by the judgment. A party who actually appears and defends in the name of another, is bound by the judgment. Mr. Freeman quotes with approval these words: "Neither the benefit of judgments on the one side, nor the obligations on the other, are limited exclusively to parties and their privies." Freeman Judgments, section 174.

In *Stoddard* v. *Thompson*, 31 Iowa, 80, it was said: "One who, though not a party, defends or prosecutes an action by employing counsel, paying costs, and by doing those things which are usually done by a party, is bound by the judgment rendered therein."

It is not proper to inquire in this collateral proceeding whether the court did right or wrong in permitting the appellants to appear and defend in their own name instead of in the name of Harmon C. Vickery, for, if they did in fact appear and defend, they are bound by the judgment. If any error was committed in refusing to permit them to defend in their own name, their remedy was by appeal, and they can not, after having elected to defend in the name of the judgment debtor through whom they claim, be heard to affirm that the judgment does not affect them.

There is no motion for a new trial, and we can not examine any questions made upon the admission or exclusion of evidence.

Judgment affirmed.

Filed March 30, 1887.