Kreider v. Isenbice.

No. 14,890.

## KREIDER v. ISENBICE.

JUDGMENT.—*Suretyship.* — *Subrogation.* — *Statute of Limitations.*—Where a
judgment is recovered against both the makers of a promissory note,
*prima facie* co-principals, the issue of suretyship not having been tried
or adjudged in the proceedings, an action brought subsequently by one
of the judgment defendants who has paid the judgment to try the ques-
tion of his suretyship in the judgment and to be subrogated to the
rights of the judgment plaintiff is governed by section 292, R. S. 1881,
which requires all actions on accounts and contracts not in writing to
be brought within six years next after the cause of action accrues, and
is barred by the statute of limitations if not brought within that time.
The action in such case is upon the implied promise of the principal
to pay the surety.

From the Elkhart Circuit Court.

*D. N. Weaver,* for appellant.

*H. C. Dodge,* for appellee.

COFFEY, J.—The complaint in this cause avers substan-
tially that on the 15th day of April, 1871, the appellant and
the appellee executed their promissory note for the sum of
three hundred dollars, with interest at the rate of ten per
cent., to Daniel Hill ; that appellant received all the consid-
eration for said note, and that appellee signed said note as
surety for the appellant, and not otherwise ; that the said
Daniel Hill endorsed said note to one John H. Baker, who
endorsed the same to the firm of John H. Baker and Joseph
A. S. Mitchell ; that said Baker & Mitchell brought suit on
said note against the appellant and the appellee in the com-
mon pleas court of Elkhart county, on the —— day of De-
cember, 1871, and such proceedings were had in said suit
that on the 2d day of January, 1872, they recovered judg-
ment in said court, on said note, against the appellant and
the appellee in the sum of $363.77 ; that no issue was made,

Kreider *v.* Isenbice.

tried, or adjudged between the appellant and the appellee as to which of them was principal and which was surety; that on the 31st day of May, 1873, appellee paid all of said judgment, interest, and costs, said costs amounting to the sum of $40.00; that no part of said sum has ever been returned to, or paid by, appellant to appellee; that more than ten years have elapsed since appellee paid said judgment, interest, and costs.

Prayer that appellee be declared surety in said judgment; that he have execution thereon, collectible with ten per cent. interest from the date of the rendition of said judgment.

A demurrer to this complaint, for want of sufficient facts to constitute a cause of action, was overruled, and appellant excepted.

The appellant answered in two paragraphs, the first being a general denial.

The second paragraph is as follows: " And for second and further answer defendant says, that the alleged cause of action, in plaintiff's complaint mentioned, did not accrue within six years last passed before the commencement of this suit; and that said alleged cause of action did not accrue within the fifteen years last passed before the commencement of this suit."

The court sustained a demurrer to this answer, and the appellant excepted.

Upon a trial of the cause the court found that the appellee was surety for the appellant in the judgment mentioned in the complaint, and entered judgment accordingly, and awarded the appellee execution on said judgment.

The assignment of error calls in question the correctness of the ruling of the circuit court in overruling the demurrer to the complaint, and in sustaining the demurrer to the answer above set out.

The only question involved in the case relates to the statute of limitations.

It is contended by the appellant that either the six years' statute or the fifteen years' statute applies to the action, while, on the other hand, it is contended by the appellee that it is governed by the twenty years' statute of limitations.

We can not approve the mode adopted by the appellant in pleading two separate statutes in the same paragraph of answer, but as no objection was made to it by motion to paragraph, or otherwise, in the circuit court, it must be treated in this Court as a proper plea. So treating it, we proceed to an examination of the question involved.

If this were a suit by the appellee against the appellant to recover a personal judgment for the money paid in satisfaction of the judgment set up in the complaint, it is settled that such action would be barred by the six years' statute of limitations. *Sexton* v. *Sexton*, 35 Ind. 88 ; *Lilly* v. *Dunn*, 96 Ind. 220 ; *Gieseke* v. *Johnson*, 115 Ind. 308.

The reason for these decisions is plainly stated in each of the cases cited, and that is, that the action is not upon the instrument which the surety signed for his principal, but is upon the implied promise of the principal to indemnify him from loss on account of becoming such surety.

It is plain that the judgment upon which the appellee is seeking an execution is not governed by the provisions of section 1214, R. S. 1881, for that section has application to judgments upon the face of which, or in connection with which, it is made to appear that one or more of the judgment defendants is surety for some one or more of the other judgment defendants. Under the provisions of that section where a judgment defendant, who is a surety, pays the judgment, he is at once subrogated to all the rights of the judgment plaintiff, and may at once take out execution in his own name, and collect from the other judgment defendants the amount he has been required to pay to satisfy the judgment as to the judgment plaintiff.

In this case, when the appellee paid the judgment described in his complaint it was, *prima facie*, discharged. He could

not take an execution thereon in his own name until there had been a trial and final adjudication that he was surety for the appellant. *Laval* v. *Rowley*, 17 Ind. 36 ; *Scherer* v. *Schutz*, 83 Ind. 543 ; *Shields* v. *Moore*, 84 Ind. 440 ; *Montgomery* v. *Vickery*, 110 Ind. 211.

It is true that the appellee had the right to bring his action at any time within the statute of limitations, to try the question of his suretyship in said judgment, and to be subrogated to the rights of the judgment plaintiff, as he is now doing; and by the pleadings the question as to what are the limitations in such actions is presented for our consideration.

In our opinion the action is governed by section 292, R. S. 1881, which requires all actions on accounts and contracts not in writing to be brought within six years next after the cause of action accrued. It can not be an action on the judgment, for, as we have seen, no action can be maintained upon the obligation which the surety has paid, for that contains no promise to pay him anything; but it must be upon the implied promise of the principal to indemnify the surety. Furthermore, if it were an action on the judgment, it would become merged in the new judgment when rendered, the very thing the appellee is seeking to avoid. His effort is to keep the judgment which he paid alive, as a security for the money paid by him. It is a fundamental principle of equity, independent of any statute, that when a surety pays the debt of his principal he is entitled to be subrogated to all the rights and securities possessed by the obligee whose claim he has paid.

As the judgment which the appelle paid does not fall within the provisions of section 1214, *supra,* he is now seeking a judgment of the court which will subrogate him to the rights and securities possessed by the judgment plaintiffs in that judgment at the time he paid it off, and thus bring him within the provisions of that section. To entitle him to this relief he must satisfy the court :

*First.* That he is a mere surety in that judgment.

*Second.* That he has paid the judgment.

*Third.* That the appellant has never indemnified him.

If this were a suit by the appellee against the appellant to recover a personal judgment on account of the money paid in discharge of the judgment, he would be compelled to prove precisely the same thing, and no more. In neither form of action does the judgment furnish any proof that the appellant is indebted to the appellee in any sum, as surety. So it must be that the reason for the six years' statute of limitations applies with equal force to both cases.

The case of *Lilly* v. *Dunn, supra,* and the case of *Arbogast* v. *Hays,* 98 Ind. 26, are strongly in point.

In the case last cited Hays executed a note to the First National Bank of Winchester, with Arbogast as surety, for $900, and further secured the note by a mortgage on real estate, executed to the bank. Arbogast paid $500 of the note, and after the lapse of six years brought suit against Hays to be subrogated to the rights of the bank in the note and mortgage, and prayed a foreclosure of the mortgage and sale of the mortgaged premises to satisfy the amount he had paid as surety. The mortgage contained an express promise to pay. It was held that his cause of action was barred by the six years' statute of limitations.

In speaking of the claim in that suit, the court said : " Arbogast's claim for reimbursement rests simply and solely upon the implied obligation, which the mortgagors assumed, to indemnify him against the payment of any part of the note which he signed with them as their surety. * * * All the analogies deducible from limiting statutes lead us to the conclusion that a surety's right of subrogation to securities held by the creditor can not be enforced after his claim against his principal has been barred by the statute of limitations."

As this judgment is not governed by section 1214, *supra,* the same may be said of this case. If there had been entered a proper decree at any time within the statute of limit-

ations, showing that the appellee was a mere surety in the judgment upon which he is seeking execution, then a different question would be presented. But as the right to such execution can not exist without a trial and determination of the question involving the liability of the appellant upon his implied promise to indemnify the appellee on account of becoming his surety on the note which was the foundation of the judgment, we think the action should have been brought within six years from the date of the payment of the judgment. It is the finding and decree now entered which fixes the liability of the appellant to the appellee, and not the original judgment.

Judgment reversed, with directions to the circuit court to overrule the demurrer to the second paragraph of the appellant's answer, and for further proceedings not inconsistent with this opinion.

MITCHELL, C. J., took no part in the decision of this cause.

Filed Feb. 8, 1890; petition for a rehearing overruled March 20, 1890.