No. 149.

## McClure v. Lucas et al.

Action.—*Commencement of by Motion.* — *Appearance.*— *Waiver of Notice.*— Where an action is commenced by motion, an appearance and the filing of an answer in bar are a waiver of any irregularity in the notice, or of any notice at all.

Principal and Surety.—*Trial of Suretyship After Payment of Judgment.*— *Limitation.*—Where a joint judgment is rendered against the principal and surety, without an ascertainment of the suretyship, and the surety pays the judgment, such surety after such payment may, by a proceeding to revive the judgment, have the question of suretyship adjudicated, obtain an order for execution on the judgment, and become subrogated to the rights of the judgment plaintiffs thereunder. Such action must be brought within six years.

From the Marshall Circuit Court.

*W. B. Hess,* for appellant.

*J. D. McLaren* and *E. C. Martindale,* for appellees.

Robinson, J.—The proceedings in this case were commenced by the appellee Frederick Stair, who sued in the name of Amanda E. Lucas and George W. Lucas, for his use, against the appellant. The cause is entitled "A motion to revive judgment." The motion states, among other things, that on the 22d day of June, 1882, Lucas and Lucas recovered judgment against the appellant as principal, and the appellee as surety, upon an appeal bond filed in a justice's court for $50, and an additional bond filed in said cause in the Marshall Circuit Court, where said cause was then pending in which said bonds were taken, for the sum of $150, said judgment being for the sum of $186.85 principal, $1.60 interest, and $36.15 costs; that said bonds upon which plaintiffs recovered judgment were executed by appellee as surety for appellant, and in no other way or capacity, and that the complaint and files in said cause fully showed said appellee's suretyship therein; that execution was issued on said judgment to the sheriff of Marshall county, was duly served on

the appellant, who refused to pay the same or any part thereof, or to turn out property to satisfy the same, and being at that time notoriously insolvent, the appellee was compelled to and did pay said judgment, interest and costs, and accrued interest and costs, which fully appeared by the executions thereon; that there were due appellee on said judgment from the appellant the several sums of money so paid, etc., with interest; that the same was due from appellant to the appellee and was wholly unpaid, and that said judgment had been fully paid by the appellee. Wherefore said appellee asked that said cause be redocketed, and for an order reviving said judgment for the use of the appellee, and that an execution be issued thereon in the name of said Amanda E. Lucas and George W. Lucas for his use as such surety.

The appellant answered by general denial.

The cause was tried by the court. The finding was for the appellee, that the material facts in the motion or complaint were true; that the appellee had paid the original judgment mentioned in his motion or complaint, as surety of the appellant, in the sum of $341.19, and that the original judgment ought to be revived in the name of said plaintiffs therein for the use of said appellee as surety, against the said appellant, and that appellee have execution thereon for his use, etc.

Appellant filed a motion for a new trial, which was overruled and excepted to, and judgment was rendered in accordance with the finding.

The evidence is in the record.

The motion for a new trial is as follows:

*First.* That the decision of the court is not sustained by sufficient evidence.

*Second.* That the decision of the court is contrary to law.

*Third.* That the decision of the court is contrary to the evidence.

The appellant presses for the consideration of this court

error of the trial court in overruling the motion for a new trial, and makes the contention that the motion or complaint, in the case at bar, alleges that when the judgment was rendered in favor of Lucas and Lucas the question of suretyship was ascertained and judicially determined between appellee and appellant; that to sustain the proceedings it must appear that the question of suretyship between appellee and appellant had been determined on a written complaint for that purpose; under section 1212, R. S. 1881, process must be issued and served; it can not be done by notice and motion; that the judgment being joint, payment by the appellee extinguished it, and appellee can not claim the judgment is in force for his benefit; that the theory of the complaint was that the question of suretyship had been judicially determined, but that the court tried the case upon another theory—that the question of suretyship had not been determined.

The appellant has furnished us with the citation to a large number of authorities in support of these contentions, and they are applicable to appellant's theory of the case, but they are not applicable to this case. The appellant misconceives the character and purpose of this action. There is no allegation in the complaint or motion that the question of principal and surety between appellant and appellee had been ascertained and judicially determined. If this were true, these proceedings would have been wholly unnecessary, as appellee, upon payment of the judgment as surety, could have proceeded under section 1214, R. S. 1881, without further delay. The question of suretyship having been determined in the original judgment the appellee could at any time after payment of the judgment have execution issued thereon for his use and benefit, and such payment thereby subrogated appellee to the rights of the judgment plaintiff. The complaint alleged that "the complaint and files in said cause showed appellee was surety," but there was no allegation in the complaint that "the question of suretyship had

been ascertained and judicially determined," or that there had been any determination of that question. We think it wholly immaterial whether the proceedings were commenced in the nature of a motion or complaint; the title given to the cause does not determine the character of the action. The question to be determined under the pleadings was whether the facts stated entitled the party to the relief demanded, and whether the relief granted was within the pleading. The appellant having appeared to the action in the trial court and filed an answer in bar thereto, this is a waiver of any irregularity in the notice. Such appearance and answer are a waiver of any notice at all. *McCormack* v. *First Nat'l Bank,* 53 Ind. 466.

The complaint in the case at bar might have been more carefully worded, and more definite and certain in statement, but we think it sufficient under sections 1212 and 1214, R. S. 1881, to authorize a judgment defendant who is a surety, but who has not had the suretyship judicially determined, and has been compelled to pay the judgment, to obtain execution thereon for his benefit and use for the amount paid. That the appellee had this remedy is well settled. *Scherer* v. *Schutz,* 83 Ind. 543; *Stout* v. *Duncan,* 87 Ind. 383; *Montgomery* v. *Vickery,* 110 Ind. 211; *Kreider* v. *Isenbice,* 123 Ind. 10.

This question has been determined by the Supreme Court in many different cases, and the law is that a surety not shown to be such in the judgment when rendered, but afterwards compelled to pay, may, after payment, have the suretyship judicially determined, and obtain execution on the judgment for his benefit and use. It is held in *Kreider* v. *Isenbice, supra,* that a surety who has paid the judgment, but where the suretyship has not been judicially determined, has the right to bring his action at any time within the statute of limitations of six years, to try the question of suretyship in said judgment, and to be subrogated to the rights of the judgment plaintiff; that it can not be an action on the judg-

ment; no action can be maintained upon the obligation which the surety has paid, for that contains no promise to pay anything, but must be upon the implied promise of the principal to indemnify the surety. Furthermore, if it were an action on the judgment it would become merged in the new judgment when rendered, the very thing to be avoided; the effort is to keep the judgment paid alive as security for the money paid.

It is a fundamental principle of equity, independent of any statute, that when the surety pays the debt of his principal he is entitled to be subrogated to all the rights and securities possessed by the obligee whose claim he has paid. It is further said in this case : " If there had been entered a proper decree at any time within the statute of limitations, showing that the appellee was a mere surety in the judgment upon which he is seeking execution, then a different question would be presented. But as the right to such execution can not exist without a trial and determination of the question involving the liability of the appellant upon his implied promise to indemnify the appellee on account of becoming his surety on the note which was the foundation of the judgment, we think the action should have been brought within six years from the date of the payment of the judgment." It is the finding and decree entered which fixes the liability, and not the original judgment. From the reasoning of the court in this case, it is clear that in the case at bar the appellee's right to have a judicial determination of suretyship, with execution upon the judgment, and become subrogated to the rights of the judgment plaintiff exists independent of section 1214, *supra*, but that the action should be commenced within the statute of limitations of six years. The question of limitation does not arise in this case.

The evidence on the trial of the cause shows, when the original judgment was rendered, that it was joint as to appellant and appellee, and, without ascertainment or determination of appellee's suretyship, he paid and satisfied the

same, and that having paid the judgment without a determination of his suretyship, such fact is claimed by appellant to have extinguished the judgment, and appellee can not now maintain this action.

It is true, that when the appellee paid the judgment described in the complaint, it was *prima facie* discharged. He could not take an execution thereon in his own name until there had been a trial and final adjudication that he was surety for the appellant. But appellant is mistaken in assuming that the appellee could not, after payment of the judgment, have the question of suretyship adjudicated, obtain an order for execution on the judgment and become subrogated to the rights thereunder. *Laval* v. *Rowley,* 17 Ind. 36; *Shields* v. *Moore,* 84 Ind. 440; *Scherer* v. *Schutz; Stout* v. *Duncan; Montgomery* v. *Vickery;* and *Kreider* v. *Isenbice, supra.*

The law is clearly with the appellee. The evidence sustains the finding and judgment of the trial court.

The cause is affirmed, at costs of appellant.

Filed June 12, 1891.