Frank v. Traylor *et al.*

Filed Jan. 7, 1892.

---

No. 15,394.

FRANK v. TRAYLOR ET AL.

| 130 | 145 |
| 152 | 563 |

PRINCIPAL AND SURETY.—*When Question of Suretyship May be Tried.*—
Where the question of suretyship has not been determined in the original action, a complaint may be filed after the term at which judgment was rendered, and after the surety has paid the judgment, to adjudicate the question.

| 130 | 145 |
| 166 | 256 |

SAME.—*Payment by Surety when Question of Suretyship not Determined.—Right of Surety as Against Assignee of Subsequent Judgment Against His Principal.—Question of Suretyship put in Issue on a Defence.*—If a surety, whose suretyship is not determined by the judgment, pay the amount due on such judgment, and take an assignment by record of it to himself, he may enforce the lien of such judgment as against the assignee of a judgment rendered subsequently against his principal; and if the assignee bring an action challenging the priority of his lien, he may set up the fact of his suretyship by answer, and have the matter then determined.

JUDGMENT.—*Payment by One of Two Joint Principals.*—One of two, or more, joint principals can not pay off the judgment against them and take an assignment thereof to himself.

From the Pike Circuit Court.

*E. P. Richardson* and *A. H. Taylor,* for appellant.

*E. A. Ely,* for appellees.

MILLER, J.—The appellant, who was the plaintiff, filed a complaint against the appellees, in substance, as follows:

That, on the 24th day of February, 1884, the appellee La-
fayette Brenton and another executed a promissory note to
one William W. Totten in part payment for real estate that
day conveyed by Totten to Brenton. The note was assigned
by Totten to one Offill, who, on the 12th day of June, 1888,
took judgment on the note against Brenton for $740.85. This
judgment was, on the 6th day of September, 1889, sold and
properly assigned to the appellant; that said Lafayette Bren-
ton, Emily Brenton and one Robert C. Conrod, on the 11th
day of June, 1887, executed their joint and several promis-
sory notes to one Charles E. Montgomery, on which notes
Montgomery recovered a judgment against the makers No-
vember 8th, 1887, for $748.73. On the day the judgment
was rendered Lafayette Brenton paid thereon $300, and at
another time he paid $100; that, on the 30th day of July,
1888, Conrod paid $431.60, in full of the principal, interest
and costs, and, instead of having satisfaction entered, pro-
cured Montgomery to assign the judgment to him. On the
— day of August, 1889, Conrod assigned the judgment to
the appellee Traylor, who claims that the judgment is un-
paid, and that it is senior to the judgment held by the appel-
lant. The prayer is that the judgment held by Traylor be
declared satisfied.

The defendant Traylor answered this complaint, alleging
in his answer, among other things, that Conrod was the ac-
commodation surety of Lafayette Brenton in the note to
Montgomery, and that he made the payment of the balance
due on the judgment, as such surety, and at the time he did
not intend that the judgment should be discharged; that as
a matter of precaution and notice to others, he procured
Montgomery to assign the judgment to him, intending to
become subrogated to all the rights of Montgomery in and
to so much of the judgment as he had paid as such surety.
It is also alleged that the appellant, at the time he purchased
the judgment, knew that Conrod was such surety, and that
he paid the Montgomery judgment as such.

The appellant contends that the various pleadings filed by the appellee, disclosing the facts above set out, were each bad on demurrer for failing to show that the question of suretyship between Conrod and Brenton had been determined by a judicial proceeding prior to the assignment of the judgment by him to the appellee Traylor.

The judgment in favor of Montgomery upon its face appears to be against all the makers as principals, and they are all primarily liable for its payment.

If, in such case, the relationship of the judgment defendants is as it appears upon the face of the judgment to be, the payment by one of them would work a complete extinguishment and satisfaction of the judgment, notwithstanding the agreement that it should be kept alive and its assignment to Conrod. *Montgomery* v. *Vickery,* 110 Ind. 211; *Klippel* v. *Shields,* 90 Ind. 81.

This, however, is not the question with which we have to deal, for it is alleged that Conrod was, in fact, a surety, who had paid the debt of his principal, although such suretyship had not been judicially declared. It has been held that where this question has not been judicially determined in the original action, a complaint may be filed after the term, and after the surety has paid the judgment, to adjudicate that question. *Scherer* v. *Schutz,* 83 Ind. 543; *Richardson* v. *Howk,* 45 Ind. 451; *Montgomery* v. *Vickery, supra; Knopf* v. *Morel,* 111 Ind. 570; *Duffy* v. *State, ex rel.,* 115 Ind. 351; *Kreider* v. *Isenbice,* 123 Ind. 10.

The case of *Manford* v. *Firth,* 68 Ind. 83, is, in many respects, similar to this one. In that case a surety paid the amount due on a judgment against all the makers, there having been no adjudication of his suretyship, and took an assignment executed by the attorney of the judgment plaintiff. The assignment was invalid to transfer the legal title of the judgment because of want of authority on the part of the attorney to make it. It was held that it was good as an equitable assignment, and as such was notice to all subse-

quent purchasers that it had not been satisfied, and that when the surety had his suretyship determined he was subrogated to all the rights of the judgment creditor.

We regard this as decisive of the objection that the adjudication of suretyship must precede the assignment of the judgment by Conrod to the appellee.

We are also of the opinion that Conrod, having paid the amount due on the judgment, and having the right, dependent upon having his suretyship afterward determined, to hold the judgment under such assignment, was vested with property rights and interests in the same which he might sell and assign to another. *Johnson* v. *Amana Lodge,* 92 Ind. 150; *Manford* v. *Firth, supra.*

The equitable right of the surety to be subrogated to the rights and position occupied by the judgment creditor before payment of the judgment is very strong, and the courts are disposed to look with favor upon any arrangement not in contravention of some rule of law to place him in that position. *Harper* v. *Keys,* 43 Ind. 220; *Arbogast* v. *Hays,* 98 Ind. 26.

The appellee having been brought into court by the appellant in an action challenging the validity of his claim to hold the judgment as a lien upon the land of Brenton, it became competent for him to have the suretyship of Conrod determined in the action.

We have examined the evidence, and are satisfied that it fully sustains the finding of the court. The only objection pointed out in argument is the alleged failure to show notice to the appellant of the suretyship of Conrod, and of the payment of the judgment by him as such surety. If the appellant was a purchaser of real estate upon which the judgment would, if unsatisfied, be a lien, we would have a different question, and the cases of *Dougherty* v. *Richardson,* 20 Ind. 412, and *Thomas* v. *Stewart,* 117 Ind. 50, would be in point.

The judgment did not appear to be satisfied; on the contrary, it bore upon its face an assignment to Conrod, and this

of itself was sufficient to put the appellant upon inquiry as to the nature of his claim. *Manford* v. *Firth, supra*. It is not necessary, to charge the appellant with notice, that we should go to the extent that we would be authorized by the opinion in *Downey* v. *Washburn*, 79 Ind. 242.

