## Charles M. Peirce and Walter G. Porter v. J. S. Garrett et al.

1. SUBROGATION—*Of a Surety.*—A surety who pays the debt of his principal will be subrogated to all the securities and equities held by the creditors against the principal.

2. SAME—*Contribution Between Co-Sureties.*—A surety who pays the debt for which he and a co-surety are liable, will be subrogated to the rights of the creditor against the co-surety upon securities given by him to the extent of his right to compel contribution from the co-surety.

3. SAME—*Not Affected by Change of Debt.*—Where a mortgage is given to secure a debt, and the debt becomes merged in a judgment, the mortgage stands as security for the judgment. The surety's right of subrogation is not affected.

4. ASSIGNMENT—*By Surety of Subrogated Securities.*—A surety paying the debt of his principal, and thus acquiring the right of subrogation, may assign his demand and equitable claim against the principal, and his assigns will be subrogated to the rights of the creditor and may take his place, with all the securities, rights, remedies, privileges and priorities.

**Bill to Subrogate Securities, etc.**—Appeal from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded with directions. Opinion filed June 1, 1896.

CHARLES M. PIERCE and WALTER G. PORTER, attorneys *pro se;* E. F. O'RIORDAN, of counsel.

The rule is that a surety who pays the debt of his principal will be subrogated to all the securities, liens and equi-

ties, rights, remedies and priorities held by the creditor against the principal.   Ottawa Bank v. Dudgeon, 65 Ill. 11; Lochenmeyer v. Fogarty, 112 Ill. 572; Moore v. Topliff, 107 Ill. 241; Rice v. Rice, 108 Ill. 199; Junker v. Rush, 136 Ill. 179; Brandt on Suretyship, Vol. 2, p. 479, note 4.

A creditor can not release any securities or surrender same without the consent of the surety.  Pomeroy's Equity, Vol. 3, Sec. 1419; 24 Am. and Eng. Ency. of Law, 199; Ottawa Bank v. Dudgeon, 65 Ill. 11.

A mortgage in such a case is regarded not only as being for the creditor's security, but the surety's indemnity as well.   Beaver v. Slanker, Adm'r, 94 Ill. 175; Phares v. Barbour, 49 Ill. 370.

When the debt is changed to a judgment, the mortgage is changed, in effect, to a security for the payment of the judgment.   Wayman v. Cochrane, 35 Ill. 152; Darst v. Bates, 95 Ill. 493.

A surety who pays the debt for which he and a co-surety are liable will be subrogated to the rights of the creditor against the co-surety to the same extent that he would be subrogated to the rights of the creditor against the principal; and he succeeds to such rights by operation of law. 2 Brandt on Suretyship, Sec. 309; 24 Am. and Eng. Encyc. of Law, 226.

A bill to foreclose a mortgage should be brought in the name of the equitable owner, and not in the name of the payee for the use of the equitable owner.   Irish et al. v. Sharp et al., 89 Ill. 261; Winkelman v. Kiser, 27 Ill. 21; Sedgwick v. Johnson, 107 Ill. 385.

Equity treats the assignee of a contract which is assigned by contract or by operation of law, if not assigned at law, as the party in interest, and affords him relief in a proceeding instituted by him in his own name.   Dixon v. Buel et al., 21 Ill. 203; Pomeroy's Equity Jurisprudence, Vol. 3, Sec. 1277.

The law is that any cause of action that will descend to the legal representatives is assignable.   3 Pomeroy's Equity Jurisprudence, Sec. 1275.

That possibilities, choses in action, expectancies, etc., are assignable, see 1 Am. and Eng. Encyc. of Law, 827.

The right of subrogation is assignable. Frank v. Traylor, 29 N. E. Rep. 486; 130 Ind. 145; Harrisburg Bank v. German, 3 Pa. St. 300; Johnson v. Amana Lodge, 92 Ind. 150; Munford v. Firth, 68 Ind. 83.

The mortgagor is estopped from denying the indebtedness. Brockaw v. Field, 33 Ill. App. 138.

The grantee of the mortgagor holds the property described in the mortgage as a primary fund for the payment of the debt, and it is his duty to pay it. Drury v. Holden, 121 Ill. 137; 2 Jones on Mortgages, Sec. 1491.

The consideration paid by complainants can not be investigated in this proceeding. 2 Jones on Mortgages, Sec. 1485.

R. L. Fleming and A. E. DeMange, attorneys for appellees.

If one of several sureties pays a note or judgment, he is entitled to contribution from his co-sureties, but his payment of the note or judgment, unless otherwise expressly arranged, satisfies the note or judgment, and his remedy for contribution is not upon the note or under the judgment, but by action against his co-surety. 2 Randolph on Commercial Paper (2d Ed.), 501; Holman v. Rogers, 6 Tex. 91; Harbeck v. Vanderbilt, 20 N. Y. 397.

No right to subrogation arises unless the person seeking it paid the debt to save himself from loss which might arise or accrue to him by the enforcement of the debt by the creditor. Ætna Life Ins. Co. v. Middleport, 124 U. S. 534; Evans v. Halleck, 83 Mo. 376; Dawson v. Lee, 83 Ky. 49; Bishop v. O'Connor, 69 Ill. 437; Howe v. Ætna, 57 Ill. 318; Suppiger v. Garels, 20 Ill. App. 625; Yound v. Morgan, 89 Ill. 199; Beaver v. Slanker, 94 Ill. 175.

It does not arise by contract. Hughes v. Hartford & Co., 17 Ill. App. 520; Lochenmeyer v. Fogarty, 112 Ill. 583; Parks v. Cadwallader, 53 Ill. App. 236; Lock v. Duncan, 53 Ill. App. 375.

One who pays a debt for which he supposes himself to be bound when in fact his obligation had ceased by operation of statute or otherwise is a mere volunteer and is not entitled to subrogation. 3 Pomeroy Eq. Jur. (2d Ed.), 3, note, page 2192; Ide & Kimball v. Cummings, 3 Met. (Ky.) 327.

Subrogation is a personal right. Personal rights are not assignable. Small v. Stagg, 95 Ill. 45; Bonnell v. Holt, 89 Ill. 71; Markoe v. Andras, 67 Ill. 34.

Personal rights are not assignable even if the assignor expressly professes to assign. Richards v. Leaming, 27 Ill. 433.

It is not subject to sale and transfer by contract. Keith v. Horner, 32 Ill. 524.

Even a surety can not have subrogation unless he pays the entire debt. Loeb v. Fleming, 15 Ill. App. 503; Brandt on Guaranty and Suretyship, Sec. 266, page 360; Wilcox v. Fairhaven Bank, 7 Allen, 270.

Mr. Justice Harker delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court sustaining a demurrer to a bill in equity presented by appellants and dismissing it for want of equity at their costs.

The bill shows that on the 20th of July, 1893, John M. Boyer, being indebted to the Third National Bank of Bloomington, Illinois, with S. S. Porter, G. A. Griggs, John Niccolls and E. A. Vencill, as sureties for the Home Nursery Company in the sum of $8,400, as evidenced by a promissory note executed by them, June 12, 1893, executed and delivered to the bank a mortgage upon 185 acres of land in Whiteside county for the purpose of securing its payment; that the mortgage was given subject to a prior one for $2,000 to the Anthony Loan and Trust Company; that Griggs, Niccolls and Vencill are insolvent; that on January 22, 1894, judgment was entered upon the note, for $9,110.66; that Porter paid the judgment in full; that Porter assigned his right to subrogation as co-surety to complainants and

procured the bank to assign the judgment and mortgages to complainants for a consideration of $2,000, and that Boyer, on the 9th of June, 1894, and long after the mortgage to the bank was placed upon record, conveyed the land to J. S. Garrett. The bill asks for a decree in favor of complainants to the extent of the rights of Porter and the bank, for an accounting to ascertain what is due complainants and for an order of sale of the mortgaged premises, all subject to the rights of the Anthony Loan and Trust Company.

The demurrer is by Garrett and wife.

We entertain no doubt upon the proposition that Porter was subrogated to all the security of the bank against Boyer. The doctrine is well established that a surety who pays the debt of his principal will be subrogated to all the securities and equities held by the creditors against the principal. 1 Story's Equity Jurisprudence, Sec. 499; 2 Brandt on Suretyship, 479; Phares v. Barbour, 49 Ill. 370; Rice et al. v. Rice et al., 108 Ill. 199; Lochenmeyer v. Fogarty, 112 Ill. 572.

So firmly committed is our Supreme Court to that doctrine that it has been held the creditor can not release the security which it holds, to the prejudice of the surety. City National Bank of Ottawa et al. v. Dudgeon et al., 65 Ill. 11.

Upon the same principle a surety who pays the debt for which he and a co-surety are liable will be subrogated to the rights of the creditor against the co-surety upon securities given by him to the extent of his right to compel contribution from the co-surety.

The fact that the debt was changed to a judgment before it was paid does not affect Porter's right of subrogation. Where a mortgage is given to secure a debt, and a debt becomes merged in a judgment, the mortgage stands as security for the judgment. Wayman et ux. v. Cochrane, 35 Ill. 151; Dacit v. Bates et al., 95 Ill. 493. Satisfaction of the judgment by a surety paying it would undoubtedly entitle such surety to an action on the mortgage.

The most serious question in the case is whether Porter's right of subrogation is assignable. Whether the collateral

security to which a surety becomes subrogated by reason of paying the debts can be assigned so as to enable the assignee to maintain a suit, is a question which has never been presented to the courts of last resort in this State, so far as we are advised. It has been so held in Indiana. Munford v. Frith, 68 Ind. 83; Frank v. Taylor, 130 Ind. 145. In Harris on Subrogation, Sec. 199, the author, after stating that the surety is entitled to subrogation in a court of equity whether there has been an actual assignment of the collateral to him or not, says:

"Not only is this true, but the surety so paying the debt of his principal, and thus acquiring the right of subrogation, may assign over to any one his demand and equitable claim against the principal, and his assigns will be subrogated to the rights of the creditor, and may take his place, with all the securities, rights, remedies, privileges and priorities."

To us it seems consonant with reason that if the satisfaction of the judgment by Porter left the mortgage still alive, with the right in him to foreclose to the extent of his right to compel Boyer to then contribute, Porter could assign to appellants for a valuable consideration, and they would thereby be subrogated to all the rights of the Third National Bank and Porter in the mortgage.

Garrett has no standing in a court of equity by which a foreclosure can be defeated. He bought the land for one dollar, subject to incumbrances.

The court erred in sustaining the demurrer interposed by him and his wife.

The decree will be reversed and the cause remanded, with directions to the Circuit Court to overrule the demurrer.

CRABTREE, J., took no part.